NORMAN O. RILEY AND LOUISE RILEY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6711-74.    Filed April 22, 1976.

*Edward S. Miller,* for the petitioners.
*Lawrence G. Becker,* for the respondent.

OPINION

DAWSON, *Chief Judge:* Respondent determined a deficiency of $2,056 in petitioners' Federal income tax for the year 1971. The only issue for decision is whether petitioners may utilize the income averaging provisions of sections 1301 through 1305 of the Code,[1] in determining their minimum tax for tax preferences imposed by section 56.

The case was submitted under Rule 122, Tax Court Rules of Practice and Procedure. All of the facts have been stipulated by

[1] All section references pertain to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

the parties. We adopt the stipulation of facts and the exhibits attached thereto as our findings. The pertinent facts are summarized below.

Norman O. and Louise Riley (herein called petitioners) were husband and wife during the taxable year in question. Their legal residence was in San Jose, Calif., at the time they filed their petition in this case. Their joint Federal income tax return for the year 1971 was filed with the Internal Revenue Service Center at Ogden, Utah.

Norman O. Riley was a longtime employee of Levi Strauss & Co. He had purchased shares of common stock in Levi Strauss & Co. through opportunities which arose as a result of his employment. During the calendar year 1971 the petitioners sold 3,900 shares of common stock of Levi Strauss & Co., which they had held for a period of more than 6 months, for a total sales price of $186,313. Their basis in these shares including selling expenses was $22,876. The sales resulted in long-term capital gains to petitioners in the amount of $163,437. During each of the four years preceding 1971 the petitioners' long-term capital gains did not exceed short-term capital losses.

The gains realized by the petitioners on their 1971 sales of Levi Strauss & Co. common stock resulted in tax preference income, as defined by section 57(a)(9)(A), in the amount of $81,718. Petitioners had no other tax preference income during the calendar year 1971, nor during any of the 4 years preceding 1971.

The taxes imposed by section 1, excluding the tax imposed on tax preference income, upon petitioners for the year 1971 are $28,603. Petitioners had a tax carryover within the meaning of section 56(c) to the year 1971 in the amount of $2,555.

On their 1971 Federal income tax return the petitioners elected to compute their section 1 tax utilizing the income averaging provisions of sections 1301 through 1305. This procedure was accepted by the Internal Revenue Service. During 1971 the petitioners had long-term capital gains in excess of short-term capital losses in the amount of $163,437. Petitioners income averaged their taxable income, including their long-term capital gains, in computing their section 1 tax for 1971. Petitioners listed no items of tax preference income on their 1971 Federal income tax return based on their belief that they could also average their tax preference income in computing any addi-

tional tax imposed by section 56. Since income averaging their tax preference items resulted in less than $30,000 of tax preference income in 1971, petitioners paid no minimum tax on tax preferences. Respondent determined a deficiency of $2,056 based on his computation of the minimum tax on tax preferences. This deficiency was computed as follows:

*Computation of Minimum Tax*

| Item of tax preference: one-half excess of net | | |
|---|---|---|
| long-term capital gain over net short-term capital loss _____ | | $81,718 |
| Exclusion _____ | | (30,000) |
| Balance _____ | | 51,718 |
| Less: | | |
| (1) Income tax less credits _____ | $28,603 | |
| (2) Tax carryover from prior year _____ | 2,555 | (31,158) |
| Amount subject to minimum tax_____ | | 20,560 |
| Minimum tax rate_____ | | x   10% |
| Minimum tax _____ | | 2,056 |

Section 56(a) imposes a minimum tax on tax preference income. It provides:

In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 10 percent of the amount (if any) by which—

(1) the sum of the items of tax preference in excess of $30,000, is greater than

(2) the sum of—

(A) the taxes imposed by this chapter for the taxable year (computed without regard to this part and without regard to the taxes imposed by sections 72(m)(5)(B), 402(e), 408(f), 531 and 541) reduced by the sum of the credits allowable under—* * * [and]

(B) the tax carryovers to the taxable year.

Section 56 was designed to subject to tax some items of investment income which, until passage of the Tax Reform Act of 1969, had escaped taxation altogether, such as the 50-percent nontaxable amount of an individual's capital gain. The section imposes a special 10-percent minimum tax on certain items of preference income. No tax is imposed, however, unless preference income is in excess of $30,000 plus income tax imposed for the same tax year.

Petitioners contend that they are entitled to utilize the income averaging provisions of sections 1301 through 1305 in

determining their liability for any tax on tax preference items, including capital gains.

To the contrary, respondent argues that the tax imposed by section 56 is a separate, self-contained provision which is distinct from the tax imposed by section 1, and that sections 1301 through 1305 are, on their face, not applicable to the computation of the tax imposed by section 56.

We agree with respondent. Congress enacted the minimum tax on tax preference items in the Tax Reform Act of 1969 in order to reduce the scope of certain existing tax preferences, including capital gains. The tax imposed by section 56 is specifically stated to be "in addition to the other taxes imposed by this chapter." Sections 56 through 58 appear to be a self-contained unit of taxation, whereas computation of the tax imposed by section 1 may involve the application of several other Code sections. The deductions, exclusions, and credits allowed in the computation of section 1 tax may not be utilized in the computation of the tax imposed by section 56 unless specifically provided.

Sections 1301 through 1305 do not provide a mechanism by which the minimum tax on tax preference income may be averaged. Section 1301, on its face, has reference only to the tax imposed by section 1. In our opinion, if Congress had intended to allow income averaging in the computation of section 56 tax, it undoubtedly would have said so. We are unwilling to imply such an intent on the part of Congress.

To apply sections 1301 through 1305 in the manner urged by petitioners would defeat the purpose behind section 56 since their tax preference items would entirely escape the additional tax imposed by that section. We think it was clearly the intention of Congress to make sure that such items were at least subjected to some minimum tax. Consequently, we conclude that petitioners may not use sections 1301 through 1305 in computing the tax imposed by section 56.

*Decision will be entered for the respondent.*