Gerald H. GOLDBERG, Director of Revenue, State of Missouri, Petitioner,

v.

ADMINISTRATIVE HEARING COMMISSION of Missouri, and Kenrick and Lois Jones, Respondents.

No. 62079.

Supreme Court of Missouri, Division No. 1.

Oct. 15, 1980.

Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for petitioner.

Lewis E. Striebeck, Jr., St. Louis, for respondents.

Thomas C. Walsh, Juan D. Keller, Bryan, Cave, McPheeters & McRoberts, St. Louis, for McDonnell Douglas Corp., amicus curiae.

ROBERT R. WELBORN, Special Judge.

Appeal from decision of Administrative Hearing Commission of Missouri, reversing assessment of additional Missouri income taxes against respondents Jones by petitioner–appellant Director of Revenue.

Kenrick and Lois Jones ("taxpayers") timely filed joint individual federal and Missouri income tax returns for the year 1976. On their federal return, taxpayers reported a long–term capital gain arising from the sale of real estate, resulting in federal tax liability under Section 56 of the Internal Revenue Code. Taxpayers also reported two other "items of tax preference," resulting in federal tax liability under Section 56. On their Missouri return, taxpayers deducted the amount of that federal tax liability. The Director of Revenue disallowed the deduction. Taxpayers appealed to the Administrative Hearing Commission. On the admitted factual allegations of the taxpayers' complaint, the Administrative Hearing Commission reversed the decision of the Director of Revenue. The Director appealed to this Court which has jurisdiction because the construction of the revenue laws is involved. Mo.Const. art. V, § 3.

The question presented is whether or not the federal minimum tax, imposed by Section 56 of Chapter 1 of the Internal Revenue Code, is an income tax within the meaning of Section 143.171, RSMo 1978, which authorizes the deduction for Missouri income tax of a taxpayer's " * * * federal income tax liability under Chapter 1 of the Internal Revenue Code * * *."

Section 56 of the Code appears in Chapter 1 of Subtitle A of the Internal Revenue Code. Subtitle A is entitled "Income Taxes." Chapter 1 is entitled "Normal Taxes and Surtaxes." Section 56 provides, in part:

"(a) General Rule–In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent * * *."

The tax is imposed upon "Items of tax preference" as defined in Section 57 of the Code. Section 57 specifies certain " * * * deductions and tax favored income items which otherwise save regular income tax or capital gains tax for the taxpayer." 33 Am.Jur.2d Federal Taxation, § 1344, p. 312 (1980). For 1976, "items of tax preference" included (a) the portion of accelerated depreciation on Section 1250 property in excess of straight line depreciation, (b) the excess of fair market value over exercise price of a qualified stock option, (c) adjusted itemized deductions and (d):

"In the case of a taxpayer other than a corporation, an amount equal to one–half of the net capital gain for the taxable year." Code § 57(a)(9)(A).

The latter item is the major item involved in the present case.

The minimum tax is 15% of the amount by which the sum of all items of tax preference exceeds the greater of $10,000 or the "regular tax deduction" as defined in Section 56(c) of the Code.

Appellant's position is that the tax imposed under Section 56 is a "separate self–contained tax distinct from the federal income tax" and therefore it is not deductible under Section 143.171, RSMo 1978. The only authority cited in appellant's brief is *Riley v. Commissioner of Internal Revenue*, 66 T.C. 141 (1976). In *Riley*, the Tax Court did characterize the minimum tax as "separate," "self contained" and "distinct," but the holding of *Riley* was that the minimum tax was not subject to the income averaging provisions of Sections 1301–1305 of the Code because Section 1301 permits averaging only of "the tax imposed by Section 1."

The appellant's position here is that only Section 1 tax is deductible. However, Section 143.171 is not so limited and by its terms applies to the federal income tax imposed by Chapter 1 of the Code.

Appellant relies upon legislative history to support his argument that only Section 1 taxes are deductible. He points out that at the time of the enactment of the federal minimum tax, state law permitted deduction, for income tax purposes, of "All taxes paid within the year imposed by the authority of the United States * * *." Section 143.160.1(4), RSMo 1959.

The present language of Section 143.171 was adopted effective January 1, 1973. Laws of Mo.1972, p. 698. The 1972 enactment was a general revision of the Missouri income tax law, designed to effectuate the 1968 amendment to the Missouri Constitution which permitted, for state income tax purposes, the incorporation by reference of federal income tax law provisions. Mo. Const. art. X, § 4(d). (An earlier enactment with the same language (Laws of Mo.1969, p. 9, First Extra Session, 75th General Assembly) had been rejected upon referendum.)

Appellant argues that by the change the general assembly "carefully avoided" deduction for all federal taxes and allowed only income taxes "as commonly known."

The legislature itself provided a standard for construction of the Missouri income tax standards, to wit:

"Any term used in sections 143.011 to 143.996 shall have the same meaning as when used in comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by the provisions of sections 143.011 to 143.996." § 143.091, RSMo 1978.

Under this provision, the question is not whether the minimum tax is "commonly known" as an income tax but whether under the federal law the minimum tax is an income tax.

As above noted, Section 56 expressly provides that the minimum tax is imposed " * * * with respect to the income of every person * * *." It is found under the Code titles of "Income Taxes" and "Normal Taxes and Surtaxes."

Treasury Regulations recognize the minimum tax as an income tax. Treas.Reg. § 1.56–1(a) provides:

"§ 56(a) imposes an income tax on the items of tax preference (as defined in § 1.57–1) of all persons other than persons specifically exempt from the taxes imposed by chapter 1."

The Commissioner of Internal Revenue has ruled that the minimum tax is a federal income tax within the meaning of Section 275 of the Code and is therefore not deductible in computing taxable income for federal purposes. Revenue Ruling 77–396, 1977–2 C.B. 86.

In view of the standard prescribed by the General Assembly, the legislative history relied upon by the appellant is of no significance. The language of Section 143.171.1 is not limited in permitting the deduction of federal income taxes imposed under Chapter 1 of the Code, federal authority considers the minimum tax an income tax, thus invoking the provision of Section 143.091, and the legislative history relied upon by appellant is wholly inconclusive.

In oral argument, counsel for the Director called attention to an article, Burke & Mallory, "The Minimum Tax–Is It a Deductible Excise Tax," 31 Baylor Law Review 9 (1979). The authors there concluded that the minimum tax is not an income tax, but an excise tax upon the privilege of employing the preferential income deduction and preferential tax rates embodied in the items of tax preference. Generally, the authors argue that, with the exception of the capital gains item, the other items do not involve the receipt of income and therefore the tax imposed upon them may not properly be considered income tax. Conceding that the capital gains item arguably involves receipt of income, they conclude that the tax imposed by Section 56 is indivisible and therefore must be considered an excise tax in all respects.

A similar thesis was recently rejected by the Tax Court. In *Alvin V. Graff v. Commissioner of Internal Revenue*, No. 58, filed July 21, 1980, the taxpayer contended that the tax under Section 56 was a direct tax,

not an income tax. In rejecting that argument, the court stated:

" * * * In the early years of the income tax, there was a great deal of controversy over the meaning of the term 'income' (see, e. g., *Eisner v. Macomber,* 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920)), but it is now clear that the concept of 'income' for tax purposes is a broad one. In *Commissioner v. Glenshaw Glass Co.* [55–1 USTC ¶ 9308], 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955), the Supreme Court declared that the income tax statute was designed to tax income to the full extent permitted by the Constitution and that 'Congress applied no limitations as to the source of taxable receipts, nor restrictive labels as to their nature. And the Court has given a liberal construction to this broad phraseology in recognition of the intention of Congress to tax all gains except those specifically exempted.' 348 U.S. at 429–430, 75 S.Ct. at 475–76. It is recognized that income may include virtually any economic benefit received by the taxpayer.

"In the case before us, the petitioner became subject to the minimum tax because he realized a gain on the sale of a capital asset and because he sold other property with respect to which he had been allowed accelerated depreciation. In connection with both transactions, he realized gains which were properly the subject of an income tax. The tax on items of tax preference is merely a corollary to the other provisions imposing an income tax. When the minimum tax is applicable to taxpayers such as the petitioner, it in effect modifies or adjusts as to them the income tax which would otherwise be applicable. Although taxpayers generally are allowed a deduction with respect to long–term capital gains, that deduction is modified in the case of a taxpayer subject to the minimum tax. Similarly, although taxpayers are allowed deductions for accelerated depreciation in some situations, those deductions are readjusted for taxpayers subject to the minimum tax. Thus, we conclude and hold that the minimum tax is a form of

income tax and is not subject to the apportionment requirement of Article I of the U.S. Constitution."

This authoritative holding should be looked to in view of Section 143.091.

Judgment affirmed.

RENDLEN, P. J., and DONNELLY, J., concur.

MORGAN, J., not sitting.