HOPKINS, J. T. C.
Plaintiff taxpayer has appealed the Director’s assessment of additional New Jersey corporation business tax in the amount of $254,814.56, together with interest of $79,781.35, for the tax years 1971 through 1975. The additional assessment was predicated upon the disallowance, in the calculation of plaintiff’s New Jersey corporation business tax liability, of deductions or exclusions for amounts taxpayer paid as minimum tax for tax preferences pursuant to §§ 56 through 58 of the Internal Revenue Code of 1954.
The parties have stipulated that unless the aforesaid federal tax is deductible or excludable from entire net income in the calculation of New Jersey corporation business tax for the years involved, defendant’s assessment is correct and proper.
The taxpayer’s position is that the federal minimum tax is not a federal income tax and, therefore, is properly excludable in computing its New Jersey corporation business tax. Rather it argues that it is an excise tax on the privilege of enjoying a special tax rate on capital gains or advantageous depreciation and amortization allowances in reporting income. The argument is also made that it is a tax on the recovery of capital and, as such, inconsistent with federal income tax laws which permit tax-free recovery of capital.
N.J.S.A. 54:10A-4(k), a part of the definitional section of the Corporation Business Tax Act, provides, in pertinent part:
*65 “Entire net income” shall mean total net income from all sources, whether within or without the United States, ami shall include the gain derived from the employment of capital or labor, or from both combined, as well as profit gained through a sale or conversion of capital assets. For the purpose of this act, the amount of a taxpayer’s entire net income shall be deemed prima facie to be equal in amount to the taxable income, before net operating loss deduction and special deductions, which the taxpayer is required to report to the United States Treasury Department for the purposes of computing its Federal income tax; provided, however, that in the determination of such net income,
(2) Entire net income, shall be determined without the exclusion, deduction or credit of:
(C) Taxes paid or accrued to the United States on or measured by profits or income....
Pursuant to authority granted by N.J.S.A. 54:10A-27 to prescribe regulations for the interpretation and application of the Corporation Business Tax Act, the Director has adopted N.J.A.C. 18:7-5.2 which details the procedure for the computation of entire net income. That regulation states:
“Taxable income before net operating loss deduction and special deductions,” hereinafter referred to as Federal taxable income, is the starting point in the computation of the entire net income. After determining Federal taxable income it must be adjusted as follows:
(a) Add to Federal taxable income: [various adjustments];
(b) Deduct from Federal taxable income: [various adjustments].
In discussing this regulatory interpretation [1] as well as the statutory scheme, former Attorney General David Furman, in F.O. 1960 — No. 2, stated:
The regulation does not appear to contemplate any departures from Federal taxable income other than those expressly prescribed in the statute. It is our opinion that, as suggested by the quoted regulation, the definition of “entire net income” is always equivalent to Federal “taxable income” and that the presumption, which the use of the term “prima facie” implies is subject to being rebutted, is a presumption as to the correctness of the amount [original emphasis] of taxable income reported by the taxpayer or determined by the Internal Revenue Service rather than the concept [original emphasis] of “taxable income” ....
The conclusion that the statute does not authorize a departure from the Federal concept of “taxable income” ... is confirmed by consideration of the *66 construction given to the similar New York statute.... The similarity between the New York and New Jersey definitions of entire net income as well as the like similarities between other sections of the two statutes makes it apparent that the form of the New Jersey statute was borrowed in part from that of New York. The New York cases have consistently held that “entire net income” for New York purposes will always be identical in concept with Federal “taxable income” except insofar as the New York statute has specifically prescribed otherwise. The'word “presumably” in the quoted definition of New York entire net income is interpreted to permit a departure from reported Federal taxable income in amount but not in definition.... [Emphasis added except where otherwise indicated.]
The statutory provisions, as supported by administrative interpretation, clearly support the proposition that “entire net income” pursuant to N.J.S.A. 54:10A-4(k) is identical with federal taxable income.
During the tax years at issue herein, I.R.C. § 56(a) read as follows:
In General. — In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 10 percent of the amount (if any) by which—
(1) the sum of the items of tax preference in excess of $30,000, is greater than
(2) the sum of—
(A) the taxes imposed by this chapter for the taxable year (computed without regard to this part and without regard to the taxes imposed by [various sections] ) reduced by the sum of the credits allowable under—
[various sections]
(B) the tax carry overs to the taxable year.
Treasury Regulation § 1.56-1, applicable to I.R.C. § 56, which was proposed on December 30, 1970 and June 24, 1971 and adopted on September 11, 1978, reads, in part, as follows:
Imposition of tax — (a) In general. Section 56(a) imposes an income tax on the items of tax preference (as defined in § 1.57-1) of all persons other than persons specifically exempt from the taxes imposed by chapter 1. The items of tax preference represent income of a person which either is not subject to current taxation by reason of temporary exclusion (such as stock options) or by reason of an acceleration of deductions (such as accelerated depreciation) or is sheltered from full taxation by reason of certain deductions (such as percentage depletion) or by reason of a special rate of tax (such as the rate of tax on corporate capital gains). The tax imposed by section 56 is in addition to the other taxes imposed by chapter 1. [Emphasis supplied]
The history of the minimum tax on tax preferences shows that it was recommended by President Nixon as tax reform legislation in his message to Congress in 1969. That message stated:
Specifically, the Administration will recommend:
*67 —Enactment of what is in effect a “minimum income tax” for citizens with substantial incomes by setting a 50% limitation on the use of the principal tax preferences which are subject to change by law.
—This limit on tax preferences would be a major step toward assuring that all Americans bear their fair share of the Federal tax burden. Publ. Papers, vol. 1969 at 311; emphasis supplied]
Courts may refer to legislative history for whatever aid they may furnish in determining the true intent of legislation. N. J. Pharmaceutical Ass’n v. Furman, 33 N.J. 121, 130, 162 A.2d 839 (1960). Further, in the interpretation of the Internal Revenue Code, regulations are entitled to substantial weight. Lykes v. U. S., 343 U.S. 118, 127, 72 S.Ct. 585, 590, 96 L.Ed. 791 (1952).
An analysis of the federal tax legislation shows that it was intended to tax that income which, pursuant to other provisions of the Internal Revenue Code, received preferential treatment for tax purposes, i.e., capital gains, accelerated depreciation deductions, stock options, depletion, etc. The areas of tax preference categorized in I.R.C. § 57 resulted in certain taxpayers having to pay substantially less tax on their economic income than other taxpayers whose income was derived from more conventional sources. It was, in fact, a recapture for income tax purposes on otherwise tax sheltered income. The use of the term “tax preference” was to define those areas of income which would be included in the alternative income tax computation to assure a more equitable distribution of the tax burden. The Treasury Regulation clearly recognized the above when it stated that “[t]he items of tax preference represent income of a person which either is not subject to current taxation by reason of temporary exclusion. . . . ” Treas.Reg. § 1.56-1(a).
Not only does the regulation support that view but, in Rev. Rul. 77-396 the Internal Revenue Service ruled that the minimum tax is a federal income tax within I.R.C. § 275 and was not deductible in computing taxable income. That position was upheld by the United States Tax Court in Graff v. Comm’r, 74 T.C. 743 (1980), on app. (5 Cir. 1980). In that case the court stated:
... The tax on items of tax preference is merely a corollary to the other provisions imposing an income tax. When the minimum tax is applicable to taxpayers ..., it in effect modifies or adjusts as to them the income tax which would otherwise be applicable.... [at 766]
*68 The Supreme Court of Missouri has held that the federal minimum tax is an income tax and, therefore, deductible pursuant to a Missouri statute, Mo.Stat. § 143.171, in the computation of its state income tax liability. Goldberg v. Missouri Administrative Hearing Comm’n, 606 S.W.2d 176 (1980). The court relied upon Regulation § 1.56-l(a), Rev.Rul. 77-396, and the decision in Graff v. Commissioner, supra. That court rejected the contention set forth in the article by Burke & Mallory, “The Minimum Tax — Is it a Deductible Excise Tax,” 31 Baylor L.Rev. 9 (1979), that the minimum tax is not an income tax, which contention is based upon arguments substantially identical to those of the instant plaintiff.
Taxpayer’s argument that the minimum tax is an excise tax on capital is clearly contrary to the reading of I.R.C. § 56. To reach such conclusion, one must assume that the preferential tax treatment of certain items of income cannot be adjusted without the additional taxes becoming excise taxes. Further, the principle that the federal income tax will not tax the recovery of costs is not violated by the minimum tax. The tax preference items, by their very nature, permit affected taxpayers a tax free return which exceeds their normal costs. It is the excess which is being taxed under the minimum tax.
The Clerk of the Tax Court will enter a judgment dismissing the taxpayer’s complaint.

 N.J.A.C. 18:7-5.2 was originally adopted as Regulation 16:10-3.300. Therefore, F.O. 1960-No. 2 makes reference to the latter. While the numbering has changed, the content has remained virtually the same.