GEORGE L. STOCKWELL and DELIA STOCKWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stockwell v. Commissioner
Docket No. 4255-81.
United States Tax Court
T.C. Memo 1983-520; 1983 Tax Ct. Memo LEXIS 267; 46 T.C.M. (CCH) 1196; T.C.M. (RIA) 83520; August 24, 1983. *267 During 1978, Ps sold shares of stock and realized a long-term capital gain. One-half of such gain constituted an item of tax preference, subject to the minimum tax. Pursuant to secs. 1301-1305, I.R.C. 1954, Ps averaged their income and reported no items of tax preference for 1978. Held, Ps are not entitled to utilize the income averaging provisions to determine their liability for the minimum tax on tax preference items. Riley v. Commissioner,66 T.C. 141 (1976), followed. George L. Stockwell, pro se. Ann Schulman Millerick, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION
*268 SIMPSON, Judge: The Commissioner determined a deficiency of $3,716.91 in the petitioners' Federal income tax for 1978. The sole issue for decision is whether the petitioners may utilize the income averaging provisions in determining their liability for the minimum tax. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, George L. and Delia Stockwell, husband and wife, maintained their legal residence in Dallas, Tex., at the time they filed their petition in this case. They filed their joint Federal income tax return for 1978 with the Internal Revenue Service Center, Austin, Tex.
During 1975 and 1976, the petitioners purchased 18,904 shares of Wynnewood Bank stock at a total cost of $119,668.12. In March 1978, they sold all of such stock at a sales price of $189,040.50, resulting in a long-term capital gain. On their Federal income tax return for 1978, the petitioners reported long-term capital gains of $69,558.80. In computing their taxable income for 1978, the petitioners averaged their income. They included their long-term capital gains in such averaging computation and reported no liability for the minimum *269 tax on their return for such year. In his notice of deficiency, the Commissioner determined that one-half of the petitioners' capital gains constituted an item of tax preference, subject to the minimum tax. OPINION The sole issue for decision is whether the petitioners may utilize the income averaging provisions of sections 1301 through 1305 of the Internal Revenue Code of 1954[1] in determining their liability for the minimum tax. The petitioners argue that they are entitled to utilize the income averaging provisions for purposes of computing their liability for the minimum tax. They maintain that when the amount of their capital gain is averaged over a 5-year period, no minimum tax is due. The Commissioner argues that the income averaging provisions were not intended to apply to items of tax preference for purposes of the minimum tax computation, that the entire amount of the petitioners' capital gain was taxable in 1978, and that one-half of such gain constituted an item of tax preference subject to the minimum tax. In Riley v. Commissioner,66 T.C. 141 (1976), *270 we thoroughly considered this issue and held that the income averaging provisions were not intended to apply to the minimum tax computation. We observed that the tax imposed by section 56 was specifically stated to be "In addition to the other taxes imposed by this chapter" and indicated that the minimum tax provisions were enacted in order to reduce the scope of certain existing tax preferences. 66 T.C. at 144. In examining the income averaging provisions, we found that they did not provide a mechanism by which the minimum tax on tax preference income could be averaged and wrote that "if Congress had intended to allow income averaging in the computation of section 56 tax, it undoubtedly would have said so." 66 T.C. at 144. In deciding not to imply such an intent on the part of Congress, we also stated that to apply income averaging provisions in the manner urged by the taxpayers would defeat the purpose behind section 56, since under their interpretation, their tax preference items would entirely escape the additional tax imposed by such section. See 66 T.C. at 144. The facts of the present case are indistinguishable from those in *271 Riley. Therefore, our decision in Riley is dispositive of the issue in the present case, and we hold that the petitioners may not use the income averaging provisions in computing their liability for the minimum tax. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1978.↩