George L. STOCKWELL and Delia Stockwell, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 84-4014

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 19, 1984.

George L. Stockwell, pro se.

Delia Stockwell, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief Appellate Sec., Gilbert S. Rothenberg, Patricia A. Willing, Dept. of Justice, Joel Gerber, Acting Chief Cnsl., IRS, John H. Menzel, Washington, D.C., for respondent-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

This appeal poses the question whether the minimum tax imposed on individual tax preference items under former IRC § 56, 26 U.S.C. § 56 (now IRC § 55, 26 U.S.C. § 55), is subject to the income averaging provision of IRC §§ 1301–05, 26 U.S.C. §§ 1301–05. The Commissioner determined that the averaging provisions did not apply; the Tax Court agreed. We affirm.

*Facts*

George and Delia Stockwell purchased shares in the Wynnewood Bank in Texas during 1975 and 1976 at a total cost of $119,668.12. In 1978 they sold the stock for $189,040.50, realizing long-term capital gains of $69,558.80. In computing their taxable income for 1978, the Stockwells averaged their income under sections 1301–05. They also averaged the minimum tax on tax preference items.

The Commissioner issued a notice of deficiency, asserting that the Stockwells had erroneously applied the income averaging provision to the minimum tax due under § 56. The Stockwells took the issue to the Tax Court which upheld the Commission-

er's determination of deficiency on the basis of its previous ruling in *Riley v. CIR*, 66 T.C. 141 (1976). The question is one of first impression.

During the tax year in question, § 56 provided:

> (a) *General Rule.*—In addition to the other taxes imposed by this chapter, there is hereby imposed for each taxable year, with respect to the income of every person, a tax equal to 15 percent of the amount of which the sum of the items of tax preference exceeds the greater of—
>
> (1) $10,000, or
>
> (2) the regular tax deduction for the taxable year (as determined under subsection (c)).

For purposes of § 56, capital gains are items of tax preference. IRC § 57(a)(9), 26 U.S.C. § 57(a)(9), prescribes:

> For purposes of this part, the items of tax preference are—
>
> .     .     .     .     .
>
> Capital gains.

Income averaging, a legislative tax grace, permits of a spreading of income to level out peak income years. Section 1301 provides:

> If an eligible individual has averageable income for the computation year, and if the amount of such income exceeds $3,000, then the tax imposed by section 1 for the computation year which is attributable to averageable income shall be 5 times the increase in tax under such section which would result from adding 20

percent of such income to 120 percent of average base period income.

■ The Stockwells correctly note that in the Tax Reform Act of 1969, P.L. 91–172, Congress specifically amended the income averaging provision to include the averaging of capital gains. From this linchpin, they reason that the minimum tax imposed by § 56 likewise should be averageable. We cannot agree. Neither the language of the statute nor the legislative history supports that conclusion.

■ The minimum tax was fashioned by Congress to tax income which, for one reason or another, was not being taxed. Congress was aware of significant amounts of income which was tax-free, either because of the source of the income or because of various exemptions, deductions and allowances. Congress determined to impose a minimum tax on enumerated tax preference items. H.R.Rep. No. 91–413, reprinted in 1969 U.S.Code Cong. & Admin.News 1645; S.Rep. No. 91–552, reprinted in 1969 U.S.Code Cong. & Admin.News 2027. To achieve this purpose, Congress drafted § 56, which declares: "In addition to other taxes imposed by this chapter there is hereby imposed ...." [1] This specific directive must be considered in light of the equally specific language of § 1301 which allows of income averaging for "the tax imposed by section 1." The minimum tax is not imposed by § 1, it is the creature of § 56. Had Congress intended the benefits of income averaging to apply to the minimum

---

1. We note that the Tax Reform Act of 1982, P.L. 97–354, shifts the minimum tax on individuals from IRC § 56 to IRC § 55, § 56 being reserved for the taxation of corporations. The new IRC § 55 contains the language of § 56 which specifies that the tax is in addition to and separate from other taxes enumerated in the code:

> (a) TAX IMPOSED. In the case of a taxpayer other than a corporation, there is imposed (*in addition to any other tax imposed by this subtitle*) a tax equal to the excess (if any) of—
>
> (1) an amount equal to 20 percent of so much of the alternative minimum taxable income as exceeds the exemption amount, over
>
> (2) the regular tax for the taxable year.
>
> (b) ALTERNATIVE MINIMUM TAXABLE INCOME.—For purposes of this title, the term,

"alternative minimum taxable income" means the adjusted gross income (determined without regard to the deduction allowed by section 172) of the taxpayer for the taxable year—

> (1) reduced by the sum of—
>
> (A) the alternative tax net operating loss deduction, plus
>
> (B) the alternative tax itemized deductions, plus
>
> (C) any amount included in income under section 667, and
>
> (2) *increased by the amount of items of tax preference.*

IRC § 55 (26 U.S.C. § 55) (Emphasis added.)

tax on tax preference items it would have said so.

When called upon to interpret legislation, courts routinely seek congressional intent. If there were gradations of that effort, ascertainment of congressional intent in matters arising under the internal revenue code would necessarily head the list. Courts may not look to equity in tax matters but look only to the work product of the Congress or, where the statutory language is unclear, to the history of the legislation. Here the words of the statute are clear. Income averaging applies only to taxes imposed by § 1, it does not apply to the minimum tax imposed by § 56.

The judgment of the Tax Court is AFFIRMED.