DAVID A. ROSS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ross v. Commissioner
Docket No. 28828-85.
United States Tax Court
T.C. Memo 1987-500; 1987 Tax Ct. Memo LEXIS 496; 54 T.C.M. (CCH) 751; T.C.M. (RIA) 87500; September 28, 1987. David A. Ross, pro se. Alan C. Levine, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax in the amount of $ 10,442.80 for the calendar year 1983. The only issue for decision is whether petitioner is liable for the alternative minimum tax under section 55 [1] even though he computed his taxes under the income averaging provisions of the Code. All of the facts have been stipulated and are found accordingly. Petitioner, *498 a single individual who resided in Washington D.C. at the time of the filing of his petition in this case, filed his Federal income tax return for the calendar year 1983 using the income averaging provisions of section 1301 through 1305 of the Code to compute the taxes due. Petitioner acquired real property located at 7 Larch Lane, Scarsdale, New York in 1975. He did not live at the property at 7 Larch Lane at any time after July 1975. This property was continuously rented from July 1975, until its sale by petitioner on August 9, 1983. It was last rented to an individual for 2 years from August 5, 1981, to August 5, 1983. Petitioner has lived at an address on N Street, N.W., Washington, D.C. since June, 1978. Initially, petitioner rented the property on N Street and in 1980 he purchased that property. The property on N Street, N.W., in Washington, D.C. has been petitioner's principal residence since June, 1978. On August 9, 1983 petitioner sold the property at 7 Larch Lane, Scarsdale, New York, with a resulting capital gain of $ 136,098. Petitioners's net long-term capital gain for the calendar year 1983 from all sources was $ 142,302.23. This capital gain was reported *499 on Schedule D of petitioner's Federal income tax return for the year 1983. For the year 1983, petitioner computed his taxable income under sections 1301 through 1305 on Schedule G of his tax return. In arriving at his taxable income for the calendar year 1983, petitioner included in income 40 percent of his capital gains having taken the 60 percent deduction for capital gains provided for in section 1202. Respondent in his notice of deficiency to petitioner determined that petitioner was liable for the alternative minimum tax primarily based on his capital gain deduction and computed that tax at $ 10,442.80 which was the deficiency he determined. Petitioner does not contest respondent's computation of the alternative minimum tax but agrees that if the alternative minimum tax is applicable to him, it was correctly computed by respondent as $ 10,442.80. Petitioner's contention is that he is not liable for the alternative minimum tax. Petitioner's primary contention is that section 1304(e)(2) [2] requires the Commissioner to promulgate regulations specifically providing for the method of computing alternative minimum tax for an individual who computes his income tax under sections *500 1301 through 1305 on the basis of income averaging. Petitioner states that while the Secretary has adopted certain regulations pursuant to section 1304(e)(2) they do not make any provision with respect to taxes that may be imposed by sections 55 or 56 of the Code. Petitioner argues that since the Commissioner has not promulgated regulations specifically providing how the income averaging provisions of sections 1301 through 1305 are to be taken into account with respect to the alternative minimum tax imposed by section 55, it is inequitable to require him to pay the alternative minimum tax. In the alternative, petitioner argues that the alternative minimum tax is not applicable to the capital gains derived from his sale of the property in Scarsdale, New York since this property was his principal *501 residence and section 57(a)(9)(D) excludes from tax preference items listed in section 57(a) an amount equal to the net capital gain deduction for the taxable year from the sale of a principal residence. Section 57(a)(9)(D) provides that "for purposes of subparagraph (A), gain from the sale or exchange of a principal residence (within the meaning of section 1034) shall not be taken into account." Petitioner's first point is not well taken. This Court and other courts have held that a taxpayer is not entitled to utilize the income averaging provisions of sections 1301 through 1305 in determining his liability for alternative minimum tax. In Riley v. Commissioner,66 T.C. 141, 144 (1976), [3] we held that the tax imposed by section 56 is "distinct from the tax imposed by section 1" and therefore sections 1301 through 1305 are, on their face, not applicable to the computation of the tax imposed by section 55. In so holding, we stated -- Congress enacted the minimum tax on tax preference items in the Tax Reform Act of 1969 in order to reduce the scope of certain existing tax preferences, including capital gains. The tax imposed by section 56 is specifically stated *502 to be "in addition to the other taxes imposed by this chapter." Sections 56 through 58 appear to be a self-contained unit of taxation, whereas computation of the tax imposed by section 1 may involve the application of several other Code sections. The deductions, exclusions, and credits allowed in the computation of section 1 tax may not be utilized in the computation of the tax imposed by section 56 unless specifically provided. Sections 1301 through 1305 do not provide a mechanism by which the minimum tax on tax preference income may be averaged. Section 1301, on its face, has reference only to the tax imposed by section 1. In our opinion, if Congress has intended to allow income averaging in the computation of section 56 tax, it undoubtedly would have said so. We are unwilling to imply such an intent on the part of Congress. To apply sections 1301 through *503 1305 in the manner urged by petitioners would defeat the purpose behind section 56 since their tax preference items would entirely escape the additional tax imposed by that section. * * * [66 T.C. at 144.]
In Stockwell v. Commissioner,736 F.2d 1051 (5th Cir. 1984), affirming a Memorandum Opinion of this Court, the Circuit Court concluded that the income averaging provisions do not apply to the minimum tax imposed by section 56. Since income averaging does not apply to the alternative minimum tax, there was no reason for respondent to make references to the alternative minimum tax in issuing regulations under section 1304. However, it might be pointed out that if respondent had been required to promulgate such regulations the fact that these regulations had not been promulgated would not have rendered the provisions of section 55 inoperative. Occidental Petroleum Corp. v. Commissioner,82 T.C. 819, 829 (1984). Petitioner generally argues that it is inequitable to in effect take away the advantage he had through income averaging by imposing the alternative minimum tax on his capital gains deduction. Although not stated in *504 these terms, apparently petitioner is attempting to question the constitutionality of the alternative minimum tax. In Graff v. Commissioner,74 T.C. 743, 767 (1980), affd. per curiam 673 F.2d 784 (5th Cir. 1982), we specifically held the alternative minimum tax provisions to be constitutional. In our view there is likewise no merit to petitioner's argument that the capital gains deduction he took with respect to the sale of the house in Scarsdale, New York was a capital gains deduction with respect to the sale of a principal residence. Section 57(a)(9)(D) excepts from the provisions of section 57(a) capital gains deductions determined under section 1202 resulting from the gain from the sale or exchange of a principal residence within the meaning of section 1034. Section 1.1034-1(c)(3), Income Tax Regulations, issued under section 1034 provides that whether or not property is used by a taxpayer as his principal residence depends upon all the facts and circumstances in the case. This section provides that the mere fact that property is or has been rented is not determinative since a taxpayer who purchases a new residence before he sells his old one *505 may temporarily rent the new residence. The clear import of the regulations is that anything other than a temporary renting of a residence changes that property from the principal residence of the taxpayer. There is no reason here to further discuss whether the property in Scarsdale, New York was petitioner's principal residence at the time it was sold. The parties in this case stipulated that petitioner's principal residence since 1978 has been on N Street N.W. in Washington, D.C. This agreed fact clearly disposes of any contention that the property in Scarsdale, New York was petitioner's principal residence at the time it was sold. The facts here also show that the property in Scarsdale, New York had been rented continuously from 1975 until the date of its sale on August 9, 1983. This also shows that the Scarsdale property was not petitioner's principal residence when it was sold. See Houlette v. Commissioner,48 T.C. 350 (1967). We hold that respondent correctly determined that petitioner is subject to the alternative minimum tax provided for by section 55. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and applicable to the year 1983. ↩
2. Section 1304(e)(2) provides as follows: Except as otherwise provided in this part, the order and manner in which items of income or limitations on tax shall be taken into account in computing the tax imposed by this chapter on the income of any eligible individual to whom section 1301 applies for any computation year shall be determined under regulations prescribed by the Secretary. ↩
3. For the year 1983 Section 55 imposing an alternative minimum tax included as an item of tax preference the capital gains deduction which was a tax preference item under the minimum tax imposed by section 56 applicable to the taxable year involved in Riley v. Commissioner,66 T.C. 141↩ (1976).