**Richard HAMAN and Beverly Haman, Appellants,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 73–1083.**

United States Court of Appeals, Ninth Circuit.

May 28, 1974.

As Amended June 17, 1974.

Rehearing Denied Aug. 15, 1974.

Richard & Beverly Haman in pro per.

Richard W. Perkins (argued), Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., Lee H. Henkel, Jr., Chief Counsel, I. R.S., Washington, D. C., for appellee.

Before ELY and WRIGHT, Circuit Judges, and McGOVERN,* District Judge.

PER CURIAM.

## OPINION

The taxpayers, husband and wife, filed joint federal income tax returns for the taxable years 1966 and 1967. The Commissioner determined deficiencies in the taxes, $2,646.32 for 1966 and $3,930.75 for 1967. Additionally, he added penalties in the amounts of $132.-31 and $196.53 under the provisions of section 6653(a) of the Internal Revenue Code of 1954. The Tax Court, in an opinion reported at P–H Tax Ct. Mem. ¶ 72,118, upheld the Commissioner's determination as to some items and increased allowable amounts as to certain other items. The taxpayers appeal.

The taxpayers first argue that the Commissioner's notice of deficiency constituted an infringement of their constitutional rights. They had refused to produce their books and records for examination by representatives of the Internal Revenue Service. This argument is without merit. The Commissioner was under no obligation to issue an administrative summons or to initiate District Court proceedings to enforce such a summons. His decision as to whether to so proceed is discretionary. *See generally,* Donaldson v. United States, 400 U.S. 517, 523–525, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

There is nothing in the record to support the taxpayers' contention that the Commissioner's issuance of the notice of deficiency was arbitrary or capricious.

The taxpayers also seem to argue that the burden rested upon the Commission-

---

* Honorable Walter T. McGovern, United States District Judge, Seattle, Washington, sitting by designation.

er to prove the deficiencies claimed in his notice. If the burden rested upon them, so they argue, they would be required to produce books and records which might be self-incriminating. It has long been held that it is presumed that the Commissioner's determinations are correct and that since deductions are allowed as a matter of legislative grace, the burden is upon taxpayers to establish every element of their claimed deductions. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607 (1943); rehearing denied, 320 U.S. 809 (1943); DeMink v. United States, 448 F.2d 867 (9th Cir. 1971).

As to the factual issues, the taxpayers do not attack the decision of the Tax Court.[1] And, in any event, our scope of review in a case such as this is limited. We are not empowered to set aside the Tax Court's factual findings unless they are without support of substantial evidence or, upon the basis of the whole record, we are left with the firm conviction that justice has miscarried.

In one respect, we do think that both the Commissioner and the Tax Court were mistaken. This has to do with the assessment of the penalties under section 6653(a). That section allows the assessment of such penalties only when a taxpayer's underpayment "is due to negligence or intentional disregard of rules and regulations . . . . " Our review of the whole record, including the taxpayers' briefs (prepared by themselves), and the attitude of the husband taxpayer, who argued before us, convinces us that while the taxpayers were misguided and unsophisticated in the realm of tax law, they acted in good faith, without negligence and without "intentional disregard" of applicable rules and regula-

tions. Accordingly, the judgment of the Tax Court is modified by reducing the judgment for the Commissioner to the extent of the amount of the penalties, 5% of the amounts of income taxes found by the Tax Court to be owed by the taxpayers for the years 1966 and 1967. As so modified, the judgment of the Tax Court is

Affirmed.

---

1. After carefully reviewing all of the evidence, the Tax Court allowed to the taxpayers as 1966 business deductions, $3,464.68 more than the amount allowed by the Commissioner. Of the $11,261.17 which the taxpayers claimed as business deductions for 1967, the Tax Court allowed $7,993.69, $5,272.52 more than the Commissioner's notice of deficiency.