BILL H. AND CAROL R. ROWLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rowley v. Commissioner
Docket No. 4883-76.
United States Tax Court
T.C. Memo 1977-357; 1977 Tax Ct. Memo LEXIS 87; 36 T.C.M. (CCH) 1424; T.C.M. (RIA) 770357; October 5, 1977, Filed Stewart C. Walz, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before the Court on respondent's motion for summary judgment. Petitioners were notified that this case was set for trial on September 19, 1977, at Helena, Montana. The motion for summary judgment, originally set for hearing in Washington, D.C., on August 24, 1977, was continued for hearing *88 to Helena, Montana, on September 19, 1977. There was no appearance or response by the petitioners when the case was called on that date. [1]
Respondent determined deficiencies in petitioners' Federal income taxes for the years 1972 and 1973 in the amounts of $3,141.12 and $4,220.90, respectively. The petitioners were legal residents of Darby, Montana, when they filed their petition in this case. The only error alleged with respect to respondent's determination is that it is excessive, capricious and without a rational foundation. The notice of deficiency disallowed various claimed deductions for lack of substantiation. The facts alleged in the petition are as follows: The lack of voluntary substantiation of deductions placed upon their filed tax returns, without being provided with criminal immunity is not a rational foundation for a presumptively correct deficiency determination of the Commissioner and is repugnant to the Constitution, the law, and is unnecessary since the Congress has given exclusive jurisdiction to the United States District Courts for *89 the Commissioner to force such information from the Taxpayer, if justified, prior to the finding of the presumptive correct deficiency determination. Petitioners stated in their petition that they would not produce at trial the "evidence required to determine a correct tax in accordance with the Tax Court's equitable discretion." By such statement the petitioners, in essence, concede the presumptive correctness of respondent's statutory notice of deficiency. Welch v. Helvering,290 U.S. 111, 115 (1933). Thus, there are no questions of fact to be resolved relevant to the alleged error of the respondent. There are two questions of law: (1) Whether respondent may disallow deductions because of petitioners' lack of substantiation without first giving the petitioners criminal immunity; and (2) whether respondent may disallow deductions because of a lack of substantiation without seeking a summons in the United States District Court to compel substantiation. Petitioners' contention that respondent may not disallow deductions because of a lack of substantiation without a grant of criminal immunity is a circuitous way of stating that compelled substantiation of claimed *90 deductions violates their Fifth Amendment privilege against self-incrimination. This Court has rejected such an argument, reasoning that the Fifth Amendment privilege is not applicable to cases "where the possibility of criminal prosecution is remote or unlikely." Roberts v. Commissioner,62 T.C. 834, 838 (1974). Because Tax Court cases are civil in nature, criminal prosecution is not likely. Petitioners' privilege against self-incrimination is not violated by placing the burden of proof on them. Roberts v. Commissioner,supra;Rogers v. United States,340 U.S. 367 (1951); Figueiredo v. Commissioner,54 T.C. 1508 (1970), affd. per order (9th Cir. Mar. 14, 1973); Haman v. Commissioner,T.C. Memo. 1972-118, affirmed and modified 500 F. 2d 401 (9th Cir. 1974). Likewise, petitioners' contention that respondent must summons material substantiating deductions before a presumptively correct statutory notice of deficiency can be issued is spurious. Section 7602 of the Internal Revenue Code of 1954 gives authority to issue summonses to the Secretary of the Treasury *91 or his delegate. Nothing in that section or any of the other summons sections imposes a duty upon the Internal Revenue Service to issue a summons prior to the issuance of a valid statutory notice of deficiency. Nor do sections 6212 and 6213, relating to the issuance of notices of deficiency, contain such a requirement. Furthermore, this Court in Roberts v. Commissioner, supra at 838, stated that respondent could have issued a summons, but apparently did not. However, the failure to issue a summons did not in any way taint the statutory notice of deficiency in that case. In Roberts v. Commissioner,supra at 836-837, we said: The Commissioner's determination is not made arbitrary or unreasonable because of his failure to have all the facts when the failure is caused solely by the petitioner. Surely, a taxpayer cannot thwart a bona fide investigation so easily and benefit thereby. We hold that when a taxpayer refuses to substantiate his claimed deductions, the Commissioner is not arbitrary or unreasonable in determining that the deductions should be denied. The Court's recent admonition in Hatfield v. Commissioner,68 T.C. No. 78 *92 (September 12, 1977), bears repeating here: In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." Compania de Tabacos v. Collector,275 U.S. 87, 100 (1927). The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system *93 which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong--not an imagined wrong--which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. Accordingly, we hold that respondent's motion for summary judgment should be granted.
In view of minor concessions made by the respondent at the hearing on September 19, 1977, the amounts of the deficiencies will be reduced to $2,969.66 for 1972 and $3,632.90 for 1973. An appropriate order and decision will be entered. Footnotes
1. Subsequently, the Court received a memorandum in opposition to respondent's memorandum for summary judgment.↩