111 F.3d 138
 79 A.F.T.R.2d 97-2145, 97-1 USTC P 50,382
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John K. MOONEY and Patricia A. Mooney, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-70609.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 13, 1997.
Decided April 2, 1997.
 
 Before: CANBY and RYMER, Circuit Judges, and EZRA,* District Judge.
 MEMORANDUM**
 John and Patricia Mooney ("Taxpayers") appeal pro se from a decision of the United States Tax Court upholding the Commissioner's determination of a deficiency for tax year 1988, arguing that the Tax Court erred by concluding that they were not entitled to offset the losses from John Mooney's real estate rental business against his self-employment income from his electronic business, and that they could not carry forward an earlier tax year's net operating loss deduction under 26 U.S.C. ("I.R.C.") § 172 as an offset against that self-employment income.
 We review decisions of the Tax Court on the same basis as decisions in civil bench trials in the United States District Courts. Okin v. Commissioner of Internal Revenue, 808 F.2d 1338, 1340 (9th Cir.), cert. denied, 484 U.S. 802 (1987); Mayors v. Commissioner of Internal Revenue, 785 F.2d 757, 759 (9th Cir.1986). Therefore, this court reviews de novo the Tax Court's interpretation and application of statutes. Okin, 808 F.2d at 1340; Betson v. Commissioner, 802 F.2d 365, 367 (9th Cir.1986). Factual findings are reviewed for clear error, Mayors, 785 F.2d at 759, and mixed questions of law and fact that require the consideration of legal concepts are reviewed de novo. Id. (citing United States v. McConney, 728 F.2d 1195, 1199-1204 (9th Cir.1984) (en banc), cert. denied, 469 U.S. 824 (1985)).
 The Commissioner assessed a deficiency against Taxpayers after determining that the losses from rental activity, reported on Schedule E, did not offset the profits from Elan, reported on Schedule C. The Commissioner's determinations are presumed correct, and the burden of proof is on the taxpayer to prove the determinations are arbitrary or erroneous. Welch v. Helvering, 290 U.S. 111 (1933); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985); Rule 142(a), Rules of Practice and Procedure of the United States Tax Court.
 Taxpayers argue that because John Mooney is in the business of renting his property to others,[1] he meets the definition of a real estate dealer. Therefore, Taxpayers contend, any income from the property would be gross income for self-employment tax purposes and any deductions for the property may properly be used to offset the income received from Elan.
 Section 1401 of the Internal Revenue Code provides for a tax on the self-employment income of every individual. I.R.C. § 1401. Section 1402(a)(1) excludes from the computation of self-employment income deductions attributable to rentals from real estate "unless such rentals are received in the course of a trade or business as a real estate dealer." I.R.C. § 1402(a)(1). Rentals from real estate include payments for the use or occupancy of entire private residences or living quarters in duplex or multiple housing units. Treas.Reg. § 1.1402(a)-4(c)(1).
 The Tax Court found that because Taxpayers stipulated that John Mooney was not in the trade or business of a real estate dealer in 1988, he was precluded from offsetting his profits from Elan by his rental losses in calculating self-employment tax. We agree.
 First, Taxpayers entered into a stipulation in the Tax Court that John Mooney was not a real estate dealer. "The tax court's decision to enforce a stipulation is reviewed for abuse of discretion." Bail Bonds by Marvin Nelson, Inc. v. Commissioner, 820 F.2d 1543, 1547 (9th Cir.1987). Because Taxpayers did not challenge the use of the stipulation at trial, the Tax Court did not abuse its discretion in relying upon it. Moreover, "[a] stipulation will generally be enforced unless manifest injustice will result." Id. As discussed below, even if this court were to find that Taxpayers are not bound by the stipulation that John Mooney was not a real estate dealer, Taxpayers do not demonstrate that he is indeed a real estate dealer. Therefore, no manifest injustice would result from enforcing the stipulation.
 
 
 1
 Second, while John Mooney's list of work activities illustrate that he is an active participant in the rental business, it does not demonstrate that he is a real estate dealer. See Treasury Regulation § 1.1402(a)-4(a) ("in general, an individual who is engaged in the business of selling real estate to customers with a view to the gains and profits that may be derived from such sales is a real estate dealer. On the other hand, an individual who merely holds real estate for investment or speculation and receives rentals therefrom is not considered a real-estate dealer.").
 
 
 2
 Taxpayers may not use the business losses from 1984 and 1985 to offset the business profit in 1988. Section 1402(a)(4) provides that in computing net earnings from self-employment, "the deduction for net operating losses provided in section 172 shall not be allowed." I.R.C. § 1402(a)(4); Treas.Reg. § 1.1402(a)-7. Accordingly, the Tax Court properly ruled that Taxpayers' net operating losses, if any, cannot reduce Taxpayers' income for self-employment tax purposes.
 
 
 3
 Finally, to the extent that Taxpayers are seeking to carry forward a net operating loss as an offset against tax liability and not as a deduction against income, the Tax Court did not clearly err in finding that Taxpayers' election to carry the net operating losses forward was not effective as it did not indicate that he relinquished his carrybacks. See Young v. Commissioner, 783 F.2d 1201, 1206 (5th Cir.1986), aff'g, 83 T.C. 831 (1984) (election must be unequivocally manifested to Commissioner to be valid). Further, regardless of whether the election was valid, the Tax Court's finding that Taxpayers failed to carry their burden of showing that they had not used up the net operating losses before 1988 was not clearly erroneous as the 1986 return was not before the Tax Court, nor were the 1981, 1982, or 1983 returns. See Goldberg v. United States, 789 F.2d 1341, 1343 (9th Cir.1986) (taxpayer has burden of producing enough evidence to rebut the deficiency determination and burden of persuasion in substantiating a claimed deduction); Haman v. Commissioner, 500 F.2d 401, 403 (9th Cir.1974) ("Since deductions are allowed as a matter of legislative grace, the burden is upon taxpayers to establish every element of their claimed deduction.").
 
 
 4
 Because we find the Tax Court's decision to be correct, we need not address the IRS' contention that the Taxpayers' calculations were incorrect.
 
 
 5
 The decision appealed from is AFFIRMED.
 
 
 
 *
 Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In support, Taxpayers state that John Mooney regularly actively participates in the management of the business; that he does most of the repairs of the property; that he writes rental agreements; that he issues 3-day notices when required; that he files lawsuits on behalf of the rental property when necessary; that he issues checks to pay for expenses on the property; that he maintains the business records; that he spends over 1400 hours a year in the business; that he negotiates with the Housing Authority of San Mateo County the lease agreements for Section Eight tenants; that he personally participates in move-in and move-out inspections; that he makes any necessary court appearances on behalf of the rental activity; that he is required to purchase an apartment rental business license from the City of Menlo Park; and that the County of San Mateo requires him to purchase two apartment environment health inspection fees