T.C. Summary Opinion 2020-20

UNITED STATES TAX COURT

MARK PILYAVSKY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18257-18S.                    Filed July 2, 2020.

Mark Pilyavsky, pro se.

<u>Daniel C. Chavez</u> and <u>Michael K. Park</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the relevant times, and all Rule references are to the

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $7,812 income tax deficiency and a $1,562.40 accuracy penalty under section 6662(a) for petitioner's 2015 taxable year.[2] The income tax deficiency is attributable to the disallowance, for lack of substantiation, of deductions for various Schedule C expenses, including meals and entertainment, car and truck, and travel, all of which are subject to the strict substantiation requirements of section 274(d). The sole question we consider is whether petitioner has substantiated and shown that he is entitled to deduct any of the disallowed expenses.

## Background

Petitioner resided in California when his petition was timely filed. During 2015 petitioner was employed by Pacific Investment Management Co. (PIMCO) as a senior database engineer. For 2015 he reported $176,211 of salary from PIMCO. Petitioner, on a Schedule C, Profit or Loss From Business, reported self-employment activity from consulting. He reported $10,000 of income and claimed

[1](...continued)
Tax Court Rules of Practice and Procedure.

[2]At trial respondent conceded the sec. 6662(a) penalty.

$50,394 of deductions for a loss of $40,394 which he used to reduce the reported income, including his PIMCO salary.

The $50,394 of deductions comprised the following amounts:  car and truck expenses--$14,079; other--$12,000; legal and professional--$3,500; office expenses--$7,043; supplies--$705; travel--$6,550; meals and entertainment--$3,770; and other expenses--$2,747 (a composite of three smaller amounts).  In the notice of deficiency respondent disallowed all of petitioner's claimed expense deductions.  At trial respondent conceded that petitioner was entitled to deduct the $3,500 of legal and professional expenses.

Petitioner, as an employee of PIMCO, wrote database software code and related software.  Petitioner's Schedule C activity was purportedly to write software for a stock pricing forecast system for stock trading.

For purposes of respondent's audit of petitioner's 2015 return, petitioner and his return preparer made up summaries and schedules that outlined the various expenses reported on Schedule C.  Those summaries and schedules along with bank statements were submitted at trial without any other original records or any backup documentation.  The summaries and schedules were inaccurate as to date, place, and other details.

A statement attached to petitioner's Schedule C indicates that his position with PIMCO was as an independent contractor and that he was "allowed to take on other clients and the only thing that is required from him is confidentiality". At trial petitioner stated that the above statement was not correct or true. The statement also stated that PIMCO made the $10,000 payment to petitioner and that it was supposed to be shown on a Form 1099. At trial petitioner stated that no payments, other than his salary as an employee of PIMCO, were paid to him by PIMCO. In addition, a statement on the 2015 return states that a Form 1099 was not received and so it was not attached to the return.

Petitioner signed an employment agreement with PIMCO that prohibited the type of business activity described on his return. Further, petitioner signed an agreement that he would transfer to PIMCO any inventions or ideas that he created outside of his employment during his employment, including during 2015.

## Discussion

The sole issue we consider is whether petitioner has substantiated various expenses reported on his 2015 Schedule C attached to his income tax return. The Commissioner's determination is generally presumed correct, and the taxpayer has the burden to show that a determination is in error. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner's burden in this case is to show

entitlement to the deductions he claimed on the Schedule C.  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Petitioner's burden includes substantiating the amounts and purpose of the expenditures claimed as deductions. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

Business expenses, to be deductible, must be ordinary and necessary and paid or incurred in carrying on a trade or business.  See sec. 162.  A taxpayer is required to keep records to substantiate items reported or claimed on a return. Haman v. Commissioner, 500 F.2d 401 (9th Cir. 1974), aff'g T.C. Memo. 1972-118.  More particularly in this case, petitioner's deductions for most of the reported expenses are subject to the more strict proof required by section 274(d). That section provides that deductions for certain expenses otherwise allowable under section 162 or 212, including travel, meals and entertainment, automobile, and computer or peripheral equipment, shall not be allowed "unless the taxpayer substantiates [them] by adequate records or by sufficient evidence corroborating the taxpayer's own statement".

With respect to travel, meals and entertainment, and automobiles, a taxpayer must provide adequate records to show:  (1) the amount of the expense; (2) the

time and place the expense was incurred; (3) the business purpose of the expense; and (4) the business relationship of the person being entertained. See sec. 1.274-5T(b)(2) and (3), Temporary Income Tax Regs., 50 Fed. Reg. 46015 (Nov. 6, 1985).

This case presents an unusual situation. Petitioner reported that he was an independent contractor with PIMCO and that he was entitled to take on outside clients. In line with that statement, petitioner reported $10,000 of income from his purported activity as an independent contractor allegedly performing the same type of work performed for PIMCO. He also claimed purported business expense deductions of $50,394, which would have resulted in a $40,394 loss from the Schedule C activity.

At trial, however, petitioner disavowed his statement that he was an independent contractor with PIMCO. Instead he testified that he was an employee. In addition, evidence in the record shows that he had agreed with PIMCO that he would not perform the same type of work with outside clients or use his experience in such pursuits. The presentation and explanation attached to the Schedule C was accordingly a fabrication intended to establish the appearance of a Schedule C business activity in order to report losses that could be claimed to be deductible from ordinary income.

Further diluting petitioner's position is that he does not have any original records of the alleged activity other than his bank statements from which his return preparer developed summaries in an attempt to support the more than $50,000 in claimed deductions. Petitioner's testimony was vague, and he did not go into any details of his alleged business activity. On cross-examination it was shown that the summaries had numerous inaccuracies and contradictions. Under the circumstances, we find that petitioner's testimony and other evidence lack credibility.

Of the $50,394 in claimed Schedule C expense deductions, $14,079 was for car expenses. Petitioner claimed that he traveled regularly for luncheon meetings with clients. On cross-examination, respondent's counsel brought out that most of the trips reported in the summaries (no original or contemporaneous travel logs were in evidence) were to the location of PIMCO where petitioner was employed. Accordingly, his travel expenses consisted of nondeductible commuting expenses. See Fausner v. Commissioner, 413 U.S. 838 (1973).

In view of the foregoing, with the exception of the $3,500 respondent conceded, we hold that petitioner is not entitled to the claimed Schedule C deductions.

Because of concessions,

Decision will be entered under

Rule 155.
