■ In the Matter of ELISABETH MCLAUGHLIN, Respondent, v NEW YORK STATE TAX COMMISSION, Appellant. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered June 1, 1981 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the New York State Tax Commission. Until November of 1968, petitioner was a citizen and resident of the Federal Republic of Germany. During November, 1968, she was admitted to the United States as an immigrant and took up residency in New York. Petitioner was a limited partner in a partnership organized and doing business in the Federal Republic of Germany. The partnership's fiscal year ended December 31, 1968, and on that date petitioner's distributive share of the partnership income for the calendar year was determined to be $62,340. Petitioner reported income from the partnership for 1968, on both her Federal and New York State income tax returns, in the amount of $5,195, which was one twelfth of her distributive share of partnership income of $62,340. The reported income figure was arrived at by prorating the income to exclude that portion of the partnership income attributable to the 11 months that petitioner was a nonresident alien. Petitioner's Federal return has not been challenged, but the Income Tax Bureau of the New York State Department of Taxation and Finance subsequently asserted a deficiency against petitioner contending that all of the partnership income should have been included as income upon petitioner's State income tax return. Respondent upheld the Income Tax Bureau with respect to the deficiency assessment for 1968 and petitioner then commenced the instant proceeding. Special Term granted the petition and annulled the contested deficiency assessment for 1968. This appeal ensued. At the time petitioner filed her 1968 personal income tax return, section 612 of the Tax Law provided that "[t]he New York adjusted gross income of a resident individual means his federal adjusted gross income as defined in the laws of the United States for the taxable year". Thus the parties concede that Federal law is applicable and, accordingly, have cited those Federal statutes and regulations they deem controlling. Respondent relies upon section 706 of the Internal Revenue Code (US Code, tit 26, § 706), which imputes all partnership income on the last day of the partnership's taxable year. It is respondent's argument that this section mandates taxation by the United States of all of petitioner's partnership income for 1968, notwithstanding that she was a resident of this country for only the last month of that year. Under respondent's interpretation, an alien, who is a partner in a foreign partnership and becomes a resident of New York on the last day of the year and hence is a taxpayer for only a single day, would be subject to income tax upon his partnership income for the entire year. This extraordinary interpretation has consistently been rejected. Both the Tax Court and a Federal Court of Appeals have refused to allow the bookkeeping device of determining an entity's income at the end of its taxable year to render a taxpayer who acquires residency in the United States during that year liable for income tax based on his share of the entity's income for the entire year (*Marsman v Commissioner of Internal Revenue,* 205 F2d 335, 339-341; *Guttierez v Commissioner of Internal Revenue,* 53 TC 394). Although the above decisions did not involve a partner's distributive share of partnership income, we find no barrier to extending the reasoning of those decisions to the taxation of partnership income. The judgment must, therefore, be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.