**Richard A. KING, Director of Revenue, State of Missouri, Appellant,**

v.

**The PROCTER & GAMBLE DISTRIBUTING COMPANY, et al., Respondents.**

No. 65646.

Supreme Court of Missouri, En Banc.

June 19, 1984.

Rehearing Denied July 17, 1984.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for appellant.

William D. Howe, Cincinnati, Ohio, Roger K. Toppins, Jefferson City, for respondents.

BILLINGS, Judge.

Appeal by the Director of Revenue from an adverse ruling by the Administrative Hearing Commission. The Director of Revenue had considered franchise taxes measured by income as "income taxes" as that term is used in § 143.141(2), RSMo 1978, and assessed additional income tax owing

by Procter & Gamble Distributing Company for the year 1977. The Administrative Hearing Commission concluded "income taxes" as used in the foregoing statute does not include franchise taxes measured by income. We agree and affirm.

Section 143.431, RSMo 1978, defines Missouri taxable income of a corporation as its federal taxable income modified by, *inter alia,* certain itemized deductions provided in § 143.141. Subsection (2) of § 143.141 requires a taxpayer to add back to its federal income "any amount thereof representing any *income taxes* imposed by another state of the United States or a political subdivision thereof or the District of Columbia." (emphasis added). The Director of Revenue increased Procter & Gamble's 1977 Missouri income tax by $10,-162.00 by adding back to Procter & Gamble's federal taxable income the amount of franchise taxes, based on income, paid by Procter & Gamble to governmental organizations outside Missouri.

The Director of Revenue, in seeking reversal contends:

1) "income taxes" in § 143.141(2) means any tax, including franchise taxes, the amount of which is measured by income;

2) Missouri adopted the Multistate Tax Compact in 1967,[1] wherein § 32.200, Art. II, § 4, defines "income taxes" as a tax imposed on or measured by net income;

3) § 143.141 was enacted as part of the comprehensive income tax revisions effective January 1, 1973;[2]

4) The Multistate Tax Compact and Chapter 143 are in *para materia* and must be read together, and, consequently, the definition of income tax contained in the Compact should be applied to § 143.141(2) so that the term "income taxes" used therein encompasses any tax measured by income.

The Director acknowledges that in *Goldberg v. State Tax Comm'n,* 639 S.W.2d 796 (Mo.banc 1982), we stated that "[t]he Compact was never intended by anyone to be a substantive taxation statute." *Id.* at 799. However, he argues that *Goldberg* merely held that the provisions of the Multistate Tax Compact do not apply when they are contrary to substantive taxation statutes in Chapter 143. Finally, the Director contends that since nothing in Chapter 143 explicitly defines the term "income taxes", the definition in the Multistate Tax Compact, § 32.200, is not contrary to any substantive tax statute and the definition in the Multistate Tax Compact should apply to § 143.141(2).

The Director's position is not sound. Section 143.091 provides that any term used in §§ 143.011 to 143.996 shall have the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes. The United States Supreme Court has recognized that the term "income tax" is a term of art. It refers to taxes on income and does not include taxes on subjects other than income, although measured by income. *See Pacific Co. v. Johnson,* 285 U.S. 480, 52 S.Ct. 424, 76 L.Ed. 893 (1932); *Educational Films Corp. v. Ward,* 282 U.S. 379, 51 S.Ct. 170, 75 L.Ed. 400 (1931); *Stratton's Independence, Ltd. v. Howbert,* 231 U.S. 399, 34 S.Ct. 136, 58 L.Ed. 285 (1913); *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911); *Society for Sav. v. Coite,* 73 U.S. 594, 6 Wall. 594, 18 L.Ed. 897 (1868). The distinction between franchise tax and income tax has also been recognized by lower federal courts for federal income tax purposes. *See Allstate Ins. Co. v. United States,* 190 Ct.Cl. 19, 419 F.2d 409, 415 (1969); *Keasbey & Mattison Co. v. Rothensies,* 133 F.2d 894, 897 (3rd Cir.) *cert. denied,* 320 U.S. 739, 64 S.Ct. 39, 88 L.Ed. 438 (1943); *Berliner Handels-Gesellschaft v. United States,* 90 Ct.Cl. 75, 30 F.Supp. 490 (1939), *cert. denied* 309 U.S. 670, 60 S.Ct. 613, 84 L.Ed. 1016 (1940). *See also* Rev.Rul. 79–186, 1979–1 C.B. (franchise tax is not an income tax within the

---

1. *See* S.B. 3, 74th Gen.Assem., Reg.Sess., 1967 Mo.Laws 102.

2. *See* S.B. 549, 76th Gen.Assem., 2d Reg.Sess., 1972 Mo.Laws 698, 703.

meaning of Treasury Regulations § 1.861–8(e)(6)).

In determining what constitutes "income taxes" for Chapter 143 purposes, federal law controls. *See Goldberg v. Administrative Hearing Comm'n*, 606 S.W.2d 176 (Mo.1980) (examining treasury regulations, revenue rulings and tax court decisions in determining federal law). As previously noted, the United States Supreme Court, other federal courts and the Internal Revenue Service have all recognized that franchise taxes and income taxes are separate and distinct types of taxes. Even if the statute, § 143.141(2), was found to be of doubtful meaning, we would construe it strictly against the taxing authority and in favor of the taxpayer. *See Goldberg v. State Tax Comm'n*, 639 S.W.2d 796, 802 (Mo.banc 1982). We conclude that the Administrative Hearing Commission properly held that franchise taxes based upon income are not "income taxes" within the meaning of § 143.141(2).

The judgment is affirmed.

RENDLEN, C.J., and WELLIVER, HIGGINS, GUNN, and DONNELLY, JJ., concur.

BLACKMAR, J., dissents in separate opinion filed.

BLACKMAR, Judge, dissenting.

The only question in this case is the definition of "income taxes" in § 143.-141(2), RSMo 1978. The Legislature had before it the definition in the Multistate Tax Compact, § 32.200, art. II, § 4. It is reasonable to assume that the Legislature used the same term in the same way when it enacted 143.011. This is not applying the compact as substantive legislation, but rather amounts to no more than the use of the only definition available in the Missouri statutes.

I do not believe that the phrase "laws of the United States" includes the distinction between income taxes and franchise taxes as set forth in the case law, most of which was developed to respond to constitutional questions.

I would reverse the decision of the Administrative Hearing Commission with directions to enter a decision in favor of the Director of Revenue.