Charles O. and Martha A. **HIETT, Respondents,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 77457.

Supreme Court of Missouri, En Banc.

June 20, 1995.

---

1. It is undisputed that the Credit Union had no actual knowledge of the time and date of the tax sale.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for appellant.

Charles O. Hiett, Willow Springs, pro se.

LIMBAUGH, Judge.

The Director of Revenue (Director) seeks review of a decision of the Administrative Hearing Commission (AHC) against Charles and Martha Hiett for taxes and interest, but denying the assessment of penalties under § 143.751, RSMo1986, and § 143.761, RSMo Supp.1989. Because this case concerns the construction of state revenue laws, this Court has jurisdiction under Mo. Const. art. V, § 3. The decision of the AHC is reversed.

## I.

Charles Hiett and his son formed Associated Air Services, Inc., (AAS) in 1980. AAS purchased an airplane service facility located on the south side of the Fort Lauderdale, Florida, airport. In 1983, Hiett and his son sold their AAS stock to Robert Mulkey for $3.5 million. After existing debts were paid, Mulkey was to pay the Hietts $1.2 million over ten years at eighteen percent interest. After one year, however, Mulkey had mismanaged AAS to the extent that it was forced into bankruptcy.

In 1985, the United States bankruptcy court for the Southern District of Florida (bankruptcy court) turned AAS over to Charles Hiett and his son to operate as debtors in possession. By 1988, the Hietts had AAS "back on its feet" enabling AAS to pay "one hundred [cents] on the dollar" to its "legitimate" creditors.

In June 1990, Charles Hiett and his wife, Martha, decided to relocate their residence from Florida to Missouri. On July 17, 1990, the Hietts moved to Willow Springs, Missouri, and reside there presently.

On December 19, 1991, the bankruptcy court issued an order directing payment of "deferred administrative salaries" for the period Charles Hiett and his son operated AAS as debtors in possession. Under the order, Charles Hiett was paid $523,000 as the "balance of administrative salaries due [him] for the years 1985 through 1990." The Hietts reported this amount on their 1991 federal income tax return.

On their 1991 Missouri income tax return, the Hietts included the $523,000 as income, but then deducted $483,750 because they were "of the opinion that due to circumstances beyond their control [the December 19, 1991, order of the bankruptcy court] ... the $483,750 salary earned in Florida while Florida residents is not taxable in Mis-

souri."[1] The tax return showed that the Hietts made no estimated Missouri income tax payments for 1991 nor had any tax withheld.

In October 1992, the Director issued the Hietts a notice of deficiency showing a liability for $25,440 in tax, $2,035.19 in interest, a penalty under § 143.751 of $1,272, and a penalty under § 143.761 of $1,832. In response to the Hietts' protest of the notice of deficiency, the Director sent a letter explaining that the assessments were made because the Hietts had improperly deducted $483,750 from their 1991 Missouri income tax as income earned in Florida.

The Hietts then appealed the Director's determination to the AHC. The AHC held that the Hietts' deduction was improper and that they owed 1991 Missouri income tax as the Director assessed, plus accrued interest. The AHC denied the assessment of penalties, however, because it was "convinced that the Hietts held a good faith, although mistaken, belief that they owed no 1991 income tax and they were not negligent." The Director now seeks review of that decision.

## II.

Because the Hietts did not seek review of the assessment of the underlying tax and interest, we are left to review only the narrow issues of whether penalties should have been assessed against the Hietts in accordance with §§ 143.751 and 143.761. That review is governed by § 621.193, RSMo1994, which states that "the decision of the Administrative Hearing Commission shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record...."

### A.

■ Section 143.751 provides a penalty of 5% "[i]f any part of a deficiency is due to negligence or intentional disregard of rules and regulations (but without intent to defraud)...." In this case, there is no evidence to indicate that the Hietts intentionally disregarded any rule or regulation of the department. Hence, we focus upon whether they were negligent in deducting the $483,-750 from their 1991 Missouri income.

■ The term "negligence" is not defined in chapter 143. In the absence of a chapter 143 definition, § 143.091 instructs that the terms used in §§ 143.011 to 143.996 shall be construed in accordance with the corresponding federal tax law. The corresponding federal tax law, 26 U.S.C. § 6662, defines negligence as a "failure to make a reasonable attempt to comply with the provisions of this title." The federal cases interpreting this definition state that negligence is the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." *Schrum v. C.I.R.*, 33 F.3d 426, 437 (4th Cir.1994); *Allen v. C.I.R.*, 925 F.2d 348, 353 (9th Cir.1991); *Marcello v. C.I.R.*, 380 F.2d 499, 506 (5th Cir.1967), *cert. denied*, 389 U.S. 1044, 88 S.Ct. 787, 19 L.Ed.2d 835 (1968). That definition, transposed to our state tax law, means that negligence is the failure to make a reasonable attempt to comply with the state tax laws pertaining to income tax deductions. This case therefore is to be evaluated under a "reasonableness" standard.

■ At the hearing, the Hietts, as taxpayers, bore the burden of proof in establishing the *absence* of negligence. § 143.661, RSMo1986; *Lloyd v. Director of Revenue*, 851 S.W.2d 519, 524 (Mo. banc 1993). They failed to meet this burden, as demonstrated by the testimony of Mr. Hiett, himself. He first testified to his belief that they did not have to pay Missouri tax on income earned in Florida in prior years, as if they were to report income on an accrual basis. Inexplicably, he then admitted that they were, in fact, cash basis taxpayers, and he expressly acknowledged that he understood the difference between cash basis and accrual basis.

■ It appears that the Hietts are really attempting to argue that they need only report income actually earned in Missouri and

---

1. The Hietts concede that they resided in Missouri for the second half of 1990. Apparently, $78,500 of the $523,000 payment was earned in 1990. Half of $78,500 is $39,250. Therefore, the full payment, $523,000, minus half of the amount earned in 1990, $39,250, equals the deduction, $483,750.

that income earned elsewhere need not be reported. This point is meritless. It is well-settled that Missouri residents are "taxed on their *entire* income, regardless of *where* the income is earned." *Lloyd,* 851 S.W.2d at 522 (emphasis added). Consequently, the income received by the Hietts in 1991 while Missouri residents would have been taxable even under this situs of earning theory.

The AHC found that the Hietts were not negligent in part because of its determination that the Hietts had acted in good faith. In support of this position it relied on *Lloyd v. Director of Revenue,* 851 S.W.2d 519 (Mo. banc 1993), in which this Court disallowed the imposition of a penalty for an improper deduction from income tax. The grounds on which *Lloyd* was decided were: 1) that the deduction in question was "based on a good faith, albeit wrong, construction of the statutes," and 2) that "[t]here was no attempt to hide income and no failure to report the income of the corporations." Although the taxpayers in this case did not attempt to conceal income, they did not rely on any statute or any other authority that would justify the deduction. In that respect, the taxpayers did not meet the first requirement of *Lloyd,* and the AHC's reliance on *Lloyd* was therefore erroneous. Furthermore, in light of the *Lloyd* analysis, we caution that reasonableness rather than good faith is the standard by which negligence is to be determined. Good faith may be considered only as it bears on the reasonableness of the taxpayer's conduct.

In concluding that the Hietts were not negligent, the AHC also stated that the Hietts were "confronted with an unusual and complicated problem." However, this factor actually supports the opposite conclusion. Given the complexity and uniqueness of the case and the magnitude of the claimed deduction, the taxpayers' reliance on their own lay judgment is an indication that their conduct was not reasonable. On this point, it must be noted that the 1991 return was signed by a tax preparer, but attached to the return was a statement that "taxpayers are of the opinion that due to circumstances beyond their control ... the $483,750 salary earned in Florida while Florida residents is not taxable in Missouri." That the tax preparer included this statement shows that the taxpayers were not relying on their accountant and makes suspect their claim that the deduction was taken in good faith. The Hietts' course of conduct stands in stark contrast to cases where there was significant evidence that the taxpayer sought out and relied on professional advice which subsequently proved to be erroneous. *See Gaddis v. U.S.,* 330 F.Supp. 741 (D.C.Miss.1971). Indeed, even where a taxpayer relies on professional advice, that reliance is not always sufficient to avoid a penalty. *See Allen v. C.I.R.,* 925 F.2d at 353; *Page v. C.I.R.,* 823 F.2d 1263 (8th Cir.1987), *cert. denied,* 484 U.S. 1043, 108 S.Ct. 775, 98 L.Ed.2d 862 (1988).

On the record before us, it is patently unreasonable for these taxpayers who are faced with a complex and unique tax situation to take a deduction of hundreds of thousands of dollars without reliance on at least colorable statutory authority or reliance on the advice of a lawyer or an accountant. That the taxpayers took the deduction in view of their own tax preparer's apparent disclaimer compounds the unreasonableness of their action.

### B.

Section 143.761 provides a similar penalty for underpayment of estimated tax. The penalty is tied to the obligation stated in § 143.521.1 to "make a declaration of estimated tax ... if the Missouri estimated tax can reasonably be expected to be at least one hundred dollars." The standard here, like that for negligence under § 143.751, is reasonableness. The Hietts made no declaration of estimated tax because of their belief that the Florida income was deductible. This conduct was unreasonable for the same reasons that the taking of the deduction, itself, was unreasonable.

### III.

We hold that the Hietts were negligent in deducting the $483,750 from their 1991 income, and they were unreasonable in their failure to make a declaration of estimated tax for that year. Therefore, the penalties provided under §§ 143.751 and 143.761, respec-

tively, were lawfully imposed. We further hold that the decision of the AHC was neither authorized by law nor supported by competent and substantial evidence upon the whole record. Therefore, the decision is reversed and remanded for further proceedings consistent with this opinion.

COVINGTON, C.J., and BENTON, and ROBERTSON, JJ., concur.

PRICE, J., dissents in separate opinion filed.

HOLSTEIN and THOMAS, JJ., concur in opinion of PRICE, J.

PRICE, Judge, dissenting.

I dissent from the majority opinion for three reasons. First, it imposes a new and stricter standard not set out in *Lloyd v. Director of Revenue.* Second, it misconstrues the record and fails to apply the appropriate standard of review. And, third, it disregards the merits of the taxpayers' position.

Just two years ago, we decided *Lloyd v. Director of Revenue,* 851 S.W.2d 519 (Mo. banc 1993). In *Lloyd,* we denied the imposition of penalties and clearly stated the standard for such determinations as follows:

> The Court is satisfied that their deductions were based on a good faith, albeit wrong, construction of the statutes. There was no attempt to hide income and no failure to report the income of the corporations. Under the circumstances, it cannot be said that the failure to pay was the result of negligence....[1]

The majority now adds a new requirement that the taxpayer must rely upon a specific "statute or other authority" to justify the taxpayer's position. Such a "requirement" is no where stated in *Lloyd,* nor is such a restrictive standard justified by law or common sense. Further, application of a statutory requirement is inapplicable in this case where taxpayer's true position is that the amounts at issue were not properly Missouri income. The new majority standard in this regard would preclude taxpayers from taking any position not already approved. It misses the point. The assessment of penalties should be based upon the good faith and reasonableness of the taxpayer's argument, not upon whether the taxpayer cites any particular statute or authority.[2]

Second, the majority opinion misconstrues the record. Apparently, the majority was greatly taken with the statement included in taxpayers' return that:

> ... taxpayers are of the opinion that due to circumstances beyond their control [the December 19, 1991 order of the bankruptcy court] ... the $483,750 salary earned in Florida while Florida residents is not taxable in Missouri.

Rather than accepting this statement for what it is, a simple declaration of the basis for the deduction, the majority attempts to transform the statement into a disclaimer by the taxpayers' accountant. In fact, the tax-preparer, Mr. Mangold, a certified public accountant, signed the return without qualification. The more objective and reasonable reading would be that he concurred with the position of the taxpayers. The majority completely disregards this significant evidence.

The majority's failure to deal with this evidence reveals an even deeper problem. They fail to follow the appropriate standard of review. The decision of the AHC is to be upheld if it is "authorized by law and supported by competent and substantial evidence upon the whole record...." *§ 621.193, RSMo1994.* The AHC found that these taxpayers were not negligent. Rather than reviewing the record for competent and substantial evidence that supports the AHC's finding, the majority combed the record for

---

1. The *Lloyd* standard is consistent with the standard set out by the Ninth Circuit Court of Appeals in *Haman v. Commissioner of Internal Revenue,* 500 F.2d 401, 403 (9th Cir.1974), which held:

   > While the taxpayers were misguided and unsophisticated in the realm of tax law, they acted in good faith, without negligence and without

"intentional disregard" of applicable rules and regulations.

2. Although not cited by taxpayers, *Kennedy v. Commissioner of Corps. and Taxation,* 256 Mass. 426, 152 N.E. 747 (1926), and *McLaughlin v. New York State Tax Com'n,* 87 A.D.2d 712, 448 N.Y.S.2d 891 (3rd Dep't 1982), support their position.

evidence open to interpretation and then interpreted this evidence against taxpayers and contrary to the findings of the AHC. This simply exceeds our statutory role in this process.

Finally, the majority ignores the merits of the taxpayers' position. By the fortuity of a bankruptcy court order, Missouri has taxed income that was earned and otherwise would have been paid to the taxpayers in years during which they did not live in Missouri; years during which they received no protection or benefit from the state. This is not simply an issue of accrual versus cash basis accounting. Significant constitutional issues exist regarding such taxation. *Kennedy v. Commissioner of Corps. and Taxation*, 256 Mass. 426, 152 N.E. 747 (1926); *McLaughlin v. New York State Tax Com'n*, 87 A.D.2d 712, 448 N.Y.S.2d 891 (3rd Dep't 1982). Merely because the taxpayers did not prevail before the Administrative Hearing Commission and did not appeal that decision, does not justify imposition of penalties without consideration of the merits of their position.

Taxpayers were faced with a unique and complicated taxation issue. Significant constitutional (and common sense) issues exist as to the propriety of Missouri taxation. Taxpayers retained the assistance of a certified public accountant to prepare their return, who signed the return. On the return, the taxpayers did not attempt to conceal the income, but reported it and showed a deduction. Although the taxpayers declined to spend thousands of dollars for legal representation before the AHC and this Court, and ultimately gave up the fight on the merits, penalties should not be imposed. Their position was reasonable, taken in good faith, and not negligent.

Taxpayers are required to raise issues such as this in their tax returns. Advocating a position, even aggressively, should not be confused with "negligence". The majority opinion is unduly harsh in this regard and will chill the ability of taxpayers to take reasonable positions adverse to the Department of Revenue. Instead of allowing the taxpayer a level playing field to contest tax issues, the majority has erected a brick wall of penalties.

The decision of the Administrative Hearing Commission denying penalties should be affirmed.