**Burton D. GARLAND, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 79920.

Supreme Court of Missouri,
En Banc.

Jan. 27, 1998.

1. at 823.

2. at 824.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Appellant.

Harry Charles, St. Louis, for Respondent.

ROBERTSON, Judge.

Section 143.241.2, RSMo Supp.1993, makes an officer of a corporation "who has direct control ... or responsibility for filing [employer withholding tax] returns" personally liable for the amount of the tax when the corporation fails to file the return with the director of revenue. Section 143.751.4, RSMo 1994, imposes a penalty "equal to the total amount of the [employer withholding] tax evaded, or not collected" against a person required to collect and pay over the tax who willfully fails to do so. The issue in this case is whether these statutes permit both personal liability and the imposition of a penalty when the same person violates both statutes. We hold that the statutes are clear on their face and that a taxpayer who violates both section 143.241.2 and section 143.751.4 may be personally liable for both the taxes due and the penalty. We also hold generally that the statute of limitations, section 143.711.1, RSMo 1994, applies in this case and that, with the exceptions noted below, the director of revenue's efforts to impose the penalty in this case began too late. Our jurisdiction rests on article V, section 3 of the Missouri Constitution. The decision of the Administrative Hearing Commission is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

## I.

From August 1991 to April 1993, Burton Garland served as chief executive officer of two corporations. During that period, the corporations filed employer withholding tax returns for the periods October to December 1991, January to September 1992, and January to June 1993. Despite filing the appropriate tax returns, the corporations failed to remit employer withholding taxes due. Both corporations failed to file an employer withholding tax return for the period October to December 1992. In 1994, the director of revenue (the "director") issued a notice of deficiency and sought to collect all employer withholding taxes due personally from Garland under authority of section 143.241.2.

Garland sought review in the Administrative Hearing Commission ("AHC"). In August 1995, the AHC determined that section 143.241.2 made Garland personally liable only for employer withholding taxes due from October through December 1992, since the corporations filed returns for the other periods in question.

In October 1995, the director issued another deficiency notice, this time seeking to collect the penalty imposed by section 143.751.4 for the same periods covered by the earlier assessments. Again, Garland sought review in the AHC. The AHC found Garland not liable for the assessment for the taxes due from October 1992 to December 1992, because the previous AHC decision had imposed liability under section 143.241.2. The AHC apparently read the statutes to preclude the imposition of the penalty when section 143.241 also required payment. In addition, the AHC also decided that the three-year statute of limitations, section 143.711.1, barred the director from imposing a penalty for the period August 1991 to June 1992. As to the periods July to September 1992 and January to April 1993, the AHC

upheld the director's assessment, since the tax had not been paid.

## II.

■ Section 143.241.2, RSMo Supp.1993, states, in relevant part:

Any officer ... of any corporation ... who has direct control, supervision or responsibility for filing returns and making payment of the amount of tax imposed in accordance with sections 143.191 to 143.265, and who fails to file such return with the director of revenue shall be personally assessed for such amounts, including interest, additions to tax and penalties thereon....

This statute makes (1) an officer of a corporation (2) who bears direct control or supervision over or responsibility for filing employee withholding tax and (3) who fails to file a withholding tax return personally liable for the tax owed, together with interest and penalties.

■ Section 143.241.2 is a strict liability statute. It contains no scienter requirement. It imposes liability for failure to report employee withholding taxes. Simply filing the proper return avoids personal liability, even if the tax owed is not paid.[1] The statute's purpose is as clear as the legislature's language: The law provides an additional source from which the Director can satisfy a corporation's unpaid income withholding tax liability.

■ Section 143.751.4, RSMo 1994, imposes a different kind of personal liability.

Any person required to collect, truthfully account for, and pay over the tax imposed by sections 143.011 to 143.996 who willfully fails to collect such tax or truthfully account for and pay over such tax ... shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of tax ... not collected, or not accounted for and paid over....

Section 143.751.4 applies to (1) persons (2) who are required to collect or truthfully account for and pay over employer withholding tax (3) and who willfully fail to collect or truthfully account for and pay over employer withholding tax to the state.

■ This statute punishes non-payment of withholding taxes. It contains a scienter requirement, punishing only willful violations. Section 143.751.4 applies "in addition to other penalties provided by law." Thus, this statute is not designed to provide an alternative source of funds from which the director of revenue may recover unpaid employer withholding taxes. Instead, section 143.751.4 warns of punishment in hope of deterring persons who would willfully fail to pay the tax. If deterrence fails, punishment follows.

■ We find that the AHC erred in deciding that both sections 143.241.2 and 143.751.4 cannot apply in this case.

■ This Court's ability to construe a statute depends on the existence of an ambiguity. *State ex rel. MHTC v. Alexian Bros.*, 848 S.W.2d 472, 474 (Mo. banc 1993). When there is no ambiguity, the Court's authority is limited to applying the statute. Words used by the legislature have the meaning by which they are commonly understood unless otherwise defined in the law. Section 1.090, RSMo 1994; *Abrams v. Ohio Pacific Exp.*, 819 S.W.2d 338, 340 (Mo. banc 1991). A "penalty" is "a sum of money made recoverable ... by the state ... for the less serious offenses not mala in se." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1668 (1976).

There is no ambiguity in section 143.751.4. It anticipates punishment when a person violates the statute. Nor is an ambiguity created when that section is read with section 143.241.2.

■ Garland argues that despite the clarity of the legislature's language, this Court is nevertheless bound by a federal judicial interpretations of 26 U.S.C. sec. 6672(a), which contains nearly identical language to that found in section 143.751.4. This is because, Garland asserts, section 143.091, RSMo 1994, directs that "[a]ny *term* used in sections 143.011 to 143.996 shall have the same mean-

---

1. The 1994 amendment to section 143.241.2 extends personal liability where the officer "fails to file *and pay* such return." Section 143.241.2, RSMo 1994. (Emphasis added.)

ing as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by the provisions of sections 143.011 to 143.996." (Emphasis added).

It is true, as Garland asserts, that *United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1548 (11th Cir.1986), says that "[a]lthough denoted a penalty in the statute, the liability imposed ... is not penal in nature, but is 'simply a means of ensuring that the tax is paid.'" (Citation omitted.) We reject Garland's attempt to place this Court under the interpretative thumb of the federal courts for a number of reasons. First, section 143.091 applies only to "terms" used in the statutes, not federal court interpretations of the meaning of an entire statutory section. This section merely saves state law the necessity of defining terms already defined in federal law.

*Huckabee Auto* concludes that the purpose of the 26 U.S.C. sec. 6672(a) penalty is to ensure an alternate source of payment if the corporation does not pay the employer withholding tax. That purpose is served in Missouri by section 143.241.2, not section 143.751.4. We conclude that the *Huckabee Auto* interpretation is not consistent with the meaning of the term "penalty" used in section 143.751.4. "[A] different meaning is clearly required by the provisions of section 143.[751.4]." Section 143.091, RSMo 1994.

■ Second, to hold that sections 143.241.2 and 143.751.4 both serve the purpose of ensuring that the tax is paid renders one of the statutes redundant. We do not presume that the legislature engages in redundant acts, *Missouri Hospital Ass'n v. Air Conservation Com'n*, 874 S.W.2d 380, 395 (Mo.App.1994), especially when the language used in the statutory sections clearly serves two distinct purposes.

Third, the money at issue in employer withholding tax cases is collected or withheld from employees to be paid to the state to the credit of those employees. In willfully failing to pay over money withheld from employees, the "person" to whom section 143.751.4 refers effectively cheats two parties: the employee who uses the withholding as a credit against his or her ultimate income tax liabili-

ty and the state to whom the employee owes the tax. The legislature's decision to punish those who willfully cheat their employees without paying the state on the employees' behalf is entirely consistent with the seriousness of the violation to which section 143.751.4 speaks.

The legislature's plan in enacting these statutes is obvious: it wants the state to be able to recover its money from a real person when a fictitious person—a corporation—fails to pay. The state also wants to punish those persons who willfully fail to pay employer withholding taxes due when the money has already been withheld from employees. Because the statutory language directs a different result than the Administration Hearing Commission reached, we reverse the decision of the Administrative Hearing Commission as to the penalty imposed by the director for the period October to December 1992.

### III.

■ Section 143.711.1, RSMo 1994, provides:

[A] notice of deficiency shall be mailed to the taxpayer within three years after the return was filed. No deficiency shall be assessed or collected with respect to the year for which the return was filed unless the notice is mailed within the three year period....

In this case the director mailed the second deficiency notice to Garland in October 1995. The AHC held that because returns for withholding taxes due between August 1991 and June 1992 were filed by July 30, 1992, section 143.711.1 rendered assessments against Garland for those periods untimely. The director claims that section 143.711.1 does not apply. This is because section 143.711.1 refers only to "taxpayers" and the director assessed Garland under section 143.751.4, which refers to "any *person* ... who willfully fails to ... pay over such tax...." (Emphasis added.)

The director's interpretation is as desperate as it is incorrect. The "person" to whom section 143.711.1 applies is required to "pay over such tax." A person who pays over a tax is a taxpayer. The Administrative Hear-

ing Commission did not err in concluding that section 143.711.1 applies to taxes Garland failed to pay more than three years prior to the director filing her notice of deficiency in October 1995.

## IV.

For the reasons expressed, the decision of the Administrative Hearing Commission is affirmed in part and reversed in part. The cause is remanded for proceedings consistent with this opinion.

BENTON, C.J., LIMBAUGH and COVINGTON, JJ., concur.

WHITE, J., concurs in part and dissents in part in separate opinion filed.

PRICE and HOLSTEIN, JJ., concur in opinion of WHITE, J.

WHITE, Judge, concurring in part and dissenting in part.

Today the Court holds that a provision of State income tax law drawn word-for-word from the Internal Revenue Code has a different meaning from that embodied in federal law. In doing so, the majority contravenes the clear intent of the legislature, ignores numerous previous decisions of this Court, and exposes Missouri taxpayers to an uncertainly defined, draconian, and legislatively unintended punitive sanction.

The majority concedes (as it must) that the federal interpretation of the term "penalty" is inconsistent with the result reached here. Section 143.091 is clear: "Any term used in sections 143.011 to 143.996 shall have the same meaning when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required by the provisions of sections 143.011 to 143.996." Yet the principal opinion attempts to evade this clear mandate by relying on several newly-announced principles, none of which are supported by statute or precedent.

First, the majority holds that this Court need only look to federal law where State law is ambiguous. That section 143.091 does not apply itself only to "ambiguous" terms is ignored. The non-tax cases cited by the majority opinion, which hold that an ambiguity is a prerequisite to construction of a statute, are inapplicable here. This Court has repeatedly held that 143.091 requires a construction consistent with federal law unless a term is otherwise defined in chapter 143; this is true even in applying statutes that contain facially unambiguous terms like "negligence" and "dividend." [1]

Nor is the "plain language" definition of "penalty" appropriate. As this Court has held, the legislature directed that the meanings of words in the tax code are not to be found, as the majority holds here, in a dictionary, but in federal law. In *Goldberg v. Administrative Hearing Comm'n*, 606 S.W.2d 176 (Mo.1980)[2] for example, the Court rejected the notion, revived in the principal opinion, that the "commonly understood" meaning of words used in revenue statutes was controlling: "Under [section 143.091], the question is not whether the minimum tax is 'commonly known' as an income tax, but whether under federal law the minimum tax is an income tax."

Ultimately, the majority holds that the federal definition of the term "penalty" is inconsistent with section 143.751.4, and that the section itself clearly requires a different meaning. To reach this conclusion, the majority holds, without citation to authority, that, while section 143.091 applies to the definition of terms in the tax statute, it does not govern the interpretation of an entire statutory section. The majority's position appears to be that, while individual words in taxing statutes have the same meaning as they do in federal statutes, when the legislature strings these words together, they somehow develop a different meaning, even when they are combined in exactly the same way that they are in the Internal Revenue

1. *Hiett v. Director of Revenue*, 899 S.W.2d 870, 872 (Mo. banc 1995) (looking to federal law to determine what constitutes negligence under section 143.751 because "the term negligence is not defined in chapter 143"); *Dow Chemical Co. v.* *Director of Revenue*, 787 S.W.2d 276, 285–86 (Mo. banc 1990) (looking to federal law to define "dividend," which is not defined in Chapter 143).

2. 606 S.W.2d 176, 178 (Mo. banc 1980).

Code. Even assuming that it is possible to interpret a statutory section without referring to the definition of the individual terms that make it up, this Court has repeatedly held that section 143.091 places the Court squarely "under the interpretive thumb of the federal courts" in interpreting Missouri's tax code.[3]

In interpreting statutes, "[o]ur polestar is the intent of the legislature. Construction must always seek to find and further that intent."[4] Even if section 143.091 did not require it, the rules of statutory construction would mandate that the federal judicial interpretations of this statute be examined to determine legislative intent. I.R.C. section 6672(a) was enacted by the United States Congress in 1954. Prior to its adoption by Missouri in 1973, numerous federal decisions held that the "penalty" described in that section was not designed to impose an additional punishment, but only to ensure that the full amount of tax was collected.[5] It is a well established rule of statutory construction that when the legislature borrows a statute from another jurisdiction, it intends to adopt the prior judicial interpretations of

that statute by the courts of the other jurisdiction.[6] Here, at the time the legislature enacted I.R.C. section 6672 into Missouri law, that statutory language was not interpreted as a punitive sanction, and the legislature should not be deemed to have intended it as such.

The majority's interpretation of this statute will have severe consequences for Missouri taxpayers, consequences that were almost certainly not intended by the legislature when it chose to enact I.R.C. 6672 into Missouri law. The evident purpose of section 143.091 is to promote uniformity and consistency between the state and federal tax codes. But here the majority has taken a statute with a specific, well-defined purpose under federal law and imbued it with a markedly different state purpose. As noted by the majority, the section 6672 "penalty" is a tax collection device that imposes joint and several liability on the corporation and its responsible officers for payment of withholding taxes. Once that liability is satisfied from one source, other officers are freed from liability.[7] Under the majority's inter-

---

**3.** *Hiett,* 899 S.W.2d at 872 (looking to federal statutory and caselaw to ascertain the meaning of "negligence" in section 143.751); *Dow Chemical,* 834 S.W.2d at 745 (under section 143.091, "[i]t is not only the text of a statute that makes the legislative intent known, however, but also the judicial decisions that construe and give effect to the statute"); *Homestake Lead Co. of Missouri v. Director of Revenue,* 759 S.W.2d 847, 848 (Mo. banc 1988) (legislature's enactment of section 143.091 leads this Court to look to "the federal pattern" of tax procedure to determine legislative intent); *King v. Procter & Gamble Distributing Co.,* 671 S.W.2d 784 (Mo. banc 1984) (looking to federal caselaw, regulations and revenue rulings to define "income tax"); *Bartlett & Co. Grain v. Director of Revenue,* 649 S.W.2d 220, 223 (Mo. banc 1983) ("Sections 143.091 and 143.961 indicate the legislative intent to adopt, where possible, federal precedents and regulations in the construction of the Missouri income tax statutes"); *Goldberg,* 606 S.W.2d at 178 (looking to federal law, regulations, and revenue rulings). *See also Herschend v. Director of Revenue,* 896 S.W.2d 458, 461 (Mo. banc 1995) (Robertson, J., dissenting) (Section 143.091 "means this Court must look to federal law unless the statutes expressly define the relevant term differently. The Missouri statutes flatly do not define 'income tax.' The General Assembly had the choice of fashioning a definition or directing the Court to an extant body of authority to clarify its

meaning. In section 143.091, the legislature chose the latter course.").

**4.** *Centerre Bank of Crane v. Director of Revenue,* 744 S.W.2d 754, 759 (Mo. banc 1988).

**5.** *Newsome v. United States,* 431 F.2d 742, 744–45 (5th Cir.1970); *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.1970); *Botta v. Scanlon,* 314 F.2d 392, 393–94 (2d. Cir.1963).

**6.** *State ex rel. Philipp Transit Lines v. Pub. Serv. Comm'n,* 552 S.W.2d 696, 700 (Mo. banc 1977).

**7.** *In re Technical Knockout Graphics, Inc.,* 833 F.2d 797, 799 (9th Cir.1987) ("That the funds collected under section 6672(a) are termed a penalty does not alter their essential character as taxes. The Internal Revenue Service (IRS) collects the amount of the unpaid trust fund taxes only once ...." (internal citations omitted)); *United States v. Huckabee Auto,* 783 F.2d 1546, 1548 (11th Cir.1986) ("Although denoted as a penalty in the statute, the liability imposed by section 6672 is not penal in nature, but is simply a means of ensuring that the tax is paid." (internal citations omitted)); *USLIFE Title Ins. Co. v. Harbison,* 784 F.2d 1238, 1243 (5th Cir.1986) ("Although nothing in the language of section 6672 explicitly prevents the Government from collecting and retaining from each responsible

pretation, once the employer has failed to file a withholding return, the director can collect the full amount of withholding taxes twice from the corporation, and twice from each and every responsible party. This is a radical enlargement of the tax liability of corporate employers and their officials, relative to their liability at federal law.

Even more troubling is that the rule propounded by the majority appears to apply this statute well outside the area within which the even the majority admits it should be confined. The majority opinion holds that the purpose of section 143.751.4 is obviously to punish those persons who willfully fail to pay employer withholding taxes. But by tearing the section loose from its federal interpretative roots, the majority turns the section into a powerful weapon that is not limited to that specified purpose, and in doing so, disrupts the structure of the tax code. If the statutory purpose is evident from the plain language, as the majority holds, it would seem that the statute should limit itself to withholding taxes as, for example, section 143.751.3 does. It does not. While the regulations under the I.R.C. 6672 make it clear that the statute applies only to withholding taxes, the plain language of the statute appears to impose a one hundred percent penalty on any person who willfully fails to pay the tax imposed by "sections 143.011 to 143.996," the entirety of the income tax. Under the "plain language" interpretation announced by the majority today, it appears that any person who willfully fails to pay income tax is liable, in addition to the tax, for a one hundred percent additional penalty. This seems wildly disproportionate to the other penalties provided for in section 143.751, which impose only a five percent penalty for failure to pay based on intentional disregard of the tax laws, and a fifty percent penalty for a failure to pay with an intent to defraud.

I would affirm the decision of the Administrative Hearing Commission in its entirety.

person a full satisfaction, this court has construed it to bring to the Government only the same amount to which it was entitled to by way of tax. Double recovery is not necessary to fulfill section 6672's primary purpose—protection of government revenues." (internal citations omitted)); *Emshwiller v. United States,* 565 F.2d 1042, 1045 (8th Cir.1977) ("Though termed a 'penalty,' the liability imposed in section 6672 is civil in nature and is designed to provide the government a means by which to collect directly from the employer those taxes which the employer withheld and should have accounted for and paid over.").