

# SUPREME COURT OF MISSOURI
## en banc

DELORES LaBLANCE, PERSONAL
REPRESENTATIVE for the ESTATE
OF JAMES TOWNSEND,

        Appellant,

v.

DIRECTOR OF REVENUE,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Opinion issued November 1, 2022*

No. SC99238

### PETITION FOR REVIEW OF A DECISION OF THE
### ADMINISTRATIVE HEARING COMMISSION
The Honorable Audrey Hanson McIntosh, Commissioner

Delores LaBlance, as personal representative of the estate of James Townsend, filed a petition for review of the final decision of the administrative hearing commission ("AHC") denying her complaint that the director of the department of revenue was not authorized to assess unpaid sales tax owed by Green Duck Lounge, Inc., against Mr. Townsend, as a responsible party under section 144.157.3.[1] Ms. LaBlance claims the AHC's decision was not authorized by law because a prior judgment denying the department's attempt to collect Green Duck's unpaid sales tax from Mr. Townsend's estate

---

[1] All statutory citations are to RSMo 2016.

is *res judicata* precluding assessment of the unpaid sales tax against Mr. Townsend, personally. Alternatively, she claims the assessment against Mr. Townsend is time-barred because the director failed to give notice of his intent to make an assessment against Mr. Townsend within three years after Green Duck filed its returns.

The AHC did not err in finding *res judicata* does not bar the director's assessment against Mr. Townsend. Additionally, the requirement in section 144.220.3 that "every notice of additional amount proposed to be assessed" must be mailed within three years of the filing of the return does not apply to the notice of intent to make an assessment against a responsible party because an assessment against a responsible party under section 144.157.3 is not an "additional amount proposed to be assessed." The AHC's decision is affirmed.

**Background**

Green Duck, a corporation, operated a bar in Kansas City that served food and drinks. Mr. Townsend was the owner and an officer of Green Duck before he died in December, 2015. The director began an audit of Green Duck's sales, use, and withholding of taxes for the January 1, 2012 to December 31, 2014 tax periods. The audit concluded in March 2016, after Mr. Townsend's death. The auditor concluded Green Duck's sales tax returns had been deficient and Green Duck owed unpaid sales tax of approximately $57,827. As a result, pursuant to section 144.210.2, the director made additional assessments against Green Duck for the relevant tax periods, which Green Duck did not appeal or pay.

A decedent's probate estate was opened after Mr. Townsend's death, and Ms. LaBlance was appointed personal representative. In February 2018, the department of revenue filed a claim against Mr. Townsend's probate estate, seeking to collect Green Duck's unpaid additional assessments out of the estate's assets.[2] After a hearing, the probate division of the circuit court denied the claim. It found the department's evidence was a certificate of tax lien and tax assessments stating the debtor's name was Green Duck. There was no evidence the claimed tax liability had been assessed against Mr. Townsend, personally, before or after his death. Finding the state can commence an action and recover unpaid taxes only after "a proper assessment has been made," the probate division held the department failed to prove its claim in that there was insufficient evidence of a proper assessment against Mr. Townsend. Consequently, the probate division denied the department's claim for payment of Green Duck's unpaid sales tax from Mr. Townsend's estate.

The department did not appeal the probate division's judgment. Instead, on March 28, 2019, the director made an assessment against Mr. Townsend, personally, as a "responsible party" pursuant to section 144.157.3. Then, on April 5, 2019, the department filed a contingent claim in Mr. Townsend's probate estate, seeking payment of that assessment.

On May 23, 2019, Ms. LaBlance filed a complaint with the AHC, appealing the director's assessment against Mr. Townsend as a responsible party. She claimed the

_____

[2] The department's claim was in the amount of $63,001, which included unpaid sales tax and accrued interest and penalties.

3

assessment against Mr. Townsend is barred by both *res judicata* and a three-year limitation in section 144.220.3. In relation to the former, she claimed the probate division's judgment denying the department's claim against Mr. Townsend's estate for payment of Green Duck's unpaid sales tax adjudicated the estate's liability for such unpaid sales tax and *res judicata* precludes further attempts to collect it from the estate, including making an assessment against Mr. Townsend as a responsible party. Regarding the three-year limitation on "additional amounts proposed to be assessed" in section 144.220.3, Ms. LaBlance claimed the assessments against Mr. Townsend, as a responsible party, are time-barred because the director failed to give notice of the assessments within three years after Green Duck's sales tax returns were filed.

The AHC determined the director had authority to assess Green Duck's unpaid sales tax against Mr. Townsend, as a responsible party under section 144.157.3, and found Mr. Townsend personally liable.[3] It concluded *res judicata* does not preclude such an assessment because there was no identity of the "thing sued for" or identity of the cause of action between the probate proceeding and the director's process of making an assessment against Mr. Townsend, as a responsible party. Further, the AHC concluded the three-year statute of limitations in section 144.220.3 does not bar the assessment against Mr. Townsend, as the responsible party, because the notice required under section 144.157.3 is not a "notice of additional amount" to which the three-year limitation in section 144.220.3 applies. Ms. LaBlance filed a petition for review of the AHC's decision

---

[3] By the time the director made an assessment against Mr. Townsend personally, additional interest and lien filing fees had increased the unpaid amount to $64,204.

4

in this Court, which has jurisdiction pursuant to article V, section 3 of the Missouri Constitution.

## Standard of Review

The AHC's decision will be affirmed so long as it is authorized by law, is supported by competent and substantial evidence, does not violate mandatory procedural safeguards, and is not clearly contrary to the General Assembly's reasonable expectations. *Kan. City Chiefs Football Club, Inc. v. Dir. of Revenue*, 602 S.W.3d 812, 817 (Mo. banc 2020); Mo. Const. art. V, sec. 18; section 621.193. The Court reviews the AHC's legal conclusions *de novo*; it is not bound by the AHC's interpretation or application of the law. *Kan. City Chiefs Football Club*, 602 S.W.3d at 818.

## Probate Judgment Does Not Preclude Assessment

Ms. LaBlance asserts the AHC's decision is not authorized by law because the probate division's judgment denying the department's claim against Mr. Townsend's estate for the additional assessments against Green Duck adjudicated the estate's liability for Green Duck's unpaid sales taxes and precludes the director from thereafter making an assessment against Mr. Townsend, as a responsible party.

The AHC's review of the director's assessment against a responsible party under section 144.157.3 is "subject to any preclusive effect of a prior judgment on the merits." *Jones v. Dir. of Revenue*, 981 S.W.2d 571, 576 (Mo. banc 1998). "A judgment on the merits . . . precludes relitigation of a claim or issue by one in privity with a party in a prior

proceeding." *Id* at 575.[4]  *Res judicata* bars relitigation of a claim adjudicated and "every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 501 (Mo. banc 1991).

> Before *res judicata* applies, however, the following four identities must be present:
>
> 1) [I]dentity of the thing sued for; 2) identity of the cause of action; 3) identity of the persons and parties to the action; and 4) identity of the quality of the person for or against whom the claim is made.

*Id.*  The AHC found no identity "of the thing sued for" or identity of the cause of action because the department's claim against  Mr. Townsend's estate sought payment of Green Duck's unpaid additional assessments and that claim does not share an identity with the director's process of making an assessment against Mr. Townsend, as a responsible party under section 144.157.3.[5]

Regarding the first identity, this Court has alternatively articulated identity of "the thing sued for" as identity of the "subject matter of the suit." *Ollison v. Vill. of Climax*

---

[4] *Jones* did not use the term "*res judicata*," and it stated the substantive doctrine broadly enough to include both *res judicata* and collateral estoppel when it referenced preclusion of a "*claim* or *issue*." 981 S.W.2d at 575 (emphasis added). "Sometimes the term '*res judicata*' is used as the label for claim preclusion or issue preclusion." *Sexton v. Jenkins & Assocs., Inc.*, 152 S.W.3d 270, 273 n.3 (Mo. banc 2004).  Ms. LaBlance, however, does not assert collateral estoppel; therefore, the Court confines its analysis to the application of *res judicata*.

[5] Section 144.157.3 authorizes the director to assess a corporation's unpaid taxes against an officer, director, or statutory trustee, personally, "who has the direct control, supervision or responsibility for filing [the corporation's] returns and making payment of the amount of tax[es]" due and fails to pay on the corporation's behalf.

6

*Springs*, 916 S.W.2d 198, 201 (Mo. banc 1996). In the probate case, the thing sued for, or the subject matter of the suit, was the *collection* of Green Duck's unpaid sales tax from Mr. Townsend's estate. By contrast, in the AHC proceeding, the subject matter of the suit is the formal determination of the amount Mr. Townsend owes by virtue of his status as a responsible party. *See Jones*, 981 S.W.2d at 575 (characterizing the AHC's function in this context as "[d]etermining the amount a taxpayer owes"). That determination is a condition precedent to collecting Green Duck's unpaid sales tax from Mr. Townsend. *See Excel Drug Co. v. Mo. Dep't of Revenue*, 609 S.W.2d 404, 410 (Mo. banc 1980). But determining the amount owed is not the collection of that amount. The AHC did not err in concluding there is no identity of the thing sued for;[6] therefore, the probate division's judgment denying the department's attempt to collect Green Duck's unpaid taxes from Mr. Townsend's estate does not preclude the director from making an assessment against Mr. Townsend as a responsible party.[7]

**Assessment Not Time-Barred**

Ms. LaBlance next claims the AHC erred in determining section 144.220.3 does not bar the assessment against Mr. Townsend, as a responsible party. That statute requires "*every notice of additional amount proposed to be assessed . . .* shall be mailed to the

---

[6] Because all four identities must be present before *res judicata* applies, *King Gen. Contractors*, 821 S.W.2d at 501, and this Court has found no identity of the thing sued for, it is unnecessary to decide whether there is an identity of the cause of action.

[7] Whether the probate division's judgment is *res judicata* to bar the department's contingent claim against the probate estate for the payment of Green Duck's unpaid sales tax based on the assessments against Mr. Townsend, as a responsible party, is not an issue before the Court.

7

person within three years after the return was filed or required to be filed." Section 144.220.3 (emphasis added). When the director made an assessment against Mr. Townsend as a responsible party under section 144.157.3, he was required by section 144.157.3 to give notice of his "intent to make the assessment against" Mr. Townsend. The director mailed the notice of intent required under section 144.157.3 more than three years after Green Duck's last return was filed. As a result, Ms. LaBlance asserts the assessment is barred by the three-year limitation in section 144.220.3.

Because the plain language in section 144.220.3 applies a three-year limitation to "every notice of additional amount proposed to be assessed," whether the assessment against Mr. Townsend as a responsible party is time-barred depends on whether the notice of intent to assess against a responsible party, required by section 144.157.3, qualifies as a notice of "additional amount proposed to be assessed."

In this respect, it is helpful to contrast the additional assessments made against Green Duck with the assessment made against Mr. Townsend as a responsible party. Section 144.210.2 provides, when the director "is not satisfied with the return and payment of the tax made by any person," the director may "make an additional assessment of tax due from such person." Section 144.210.2. An additional assessment of sales tax, therefore, is an assessment of sales tax pursuant to section 144.210.2 made against the person filing the return and owing the tax. That occurred here when the department of revenue's audit found discrepancies between Green Duck's sales tax returns and its banking records. Being dissatisfied with Green Duck's sales tax returns, the director made

8

additional assessments against Green Duck for the relevant tax periods in the amount of $57,827, pursuant to section 144.210.2.

Because the director made additional assessments against Green Duck, section 144.210.3 required the director to "give to the person written notice of such additional or revised assessment by certified or registered mail to the person at his or its last known address." Moreover, section 144.220.3 required that "every notice of additional amount proposed to be assessed under [chapter 144] shall be mailed to the person within three years after the return was filed or required to be filed." Statutory provisions must be read in the context of the entire statute, *Gross v. Parson*, 624 S.W.3d 877, 885 (Mo. banc 2021), and, reading section 144.210.3 in the context of the other subsections of section 144.210, "the person" to whom section 144.210.3 requires the director to give notice of additional assessment is the person with the initial obligation to file and pay the tax. Green Duck is the person who was obligated to file the returns and pay the tax, and there is no dispute the director gave Green Duck notice of the additional assessments within three years after it filed its returns, in compliance with sections 144.210.3 and 144.220.3.

When Green Duck failed to pay the additional assessments and the probate division denied the department's claim against Mr. Townsend's estate for payment of Green Duck's additional assessments, the director assessed the amount Green Duck owed against Mr. Townsend, as a responsible party, pursuant to section 144.157.3. That statute provides:

> Any officers, directors, or statutory trustees of any corporation . . . who has the direct control, supervision or responsibility for filing returns and making payment of the amount of tax imposed in accordance with sections 144.010 to 144.745, and who fails to file such return or make payment of all taxes due with the director of revenue shall be personally assessed for such amounts,

9

including interest, additions to tax and penalties thereon. This assessment shall be imposed only in the event that the assessment on the corporation is final, and such corporation fails to pay such amounts to the director of revenue. Notice shall be given of the director of revenue's intent to make the assessment against such officers, directors, statutory trustees or employees.

Section 144.157.3.

Under section 144.157.3, the director does not assess against a responsible party an amount in addition to any amounts the responsible party previously paid. The statute gives the director the authority to assess the amount of the corporation's unpaid taxes – which were already assessed against the corporation under section 144.210.2 – against a corporate officer having direct control, supervision, or responsibility for filing the corporations returns and making payments of taxes due. *Id.* The director's assessment against Mr. Townsend is an assessment of the same tax liability the director established against Green Duck; it is not an "additional amount proposed to be assessed."

The plain language in section 144.220.3 applies only to notices "of additional amount proposed to be assessed." It does not apply to a notice of the director's "intent to make the assessment against" a responsible party under section 144.157.3. Therefore, the AHC did not err in concluding the three-year limitation in section 144.220.3 does not bar the assessments made against Mr. Townsend, as the responsible party.

Ms. LaBlance asserts this Court's decision in *Garland v. Director of Revenue*, 961 S.W.2d 824 (Mo. banc 1998), compels the opposite conclusion. In *Garland*, two corporations failed to pay employer withholding taxes and, for some tax periods, failed to file returns. *Id.* at 826. The director assessed the corporations' unpaid taxes and penalties

10

against the corporations' chief executive officer[8] pursuant to section 143.241.2, RSMo Supp. 1993, and assessed a penalty against him pursuant to section 143.751.4, RSMo 1994. *Id.* Among other issues, the Court was tasked with deciding whether the three-year statute of limitations in section 143.711.1, RSMo 1994, barred the assessments against the corporate officer as a responsible party when the deficiency notice was mailed more than three years after the corporations filed their returns. *Id.* at 828. The director claimed the statute of limitations did not apply because it referred only to "taxpayers" while the statute authorizing assessments against responsible parties referred to "any *person*." *Id.* Citing the differing terms, the director asserted a responsible party is not a "taxpayer" entitled to notice under section 143.711.1, RSMo 1994. *See id.* The Court rejected the director's argument and held the statute of limitations applied because a responsible party is a "taxpayer" in that a responsible party is required to pay the tax and a person who pays a tax is a "taxpayer." *Id.*

While the language of the income tax statutes at issue in *Garland* is similar to the sales tax statutes at issue in this case, those statutes do not govern. Rather, Ms. LaBlance argues the circumstances are analogous so this Court should apply the same analysis and reach the same conclusion. This Court declines to do so. Instead, the Court must apply the plain and ordinary language of the statutes at issue. "When the words of the statute are clear, further interpretation is unnecessary, and the Court's analysis consists of applying the plain meaning of the law to the case before it." *Bartlett Int'l, Inc. v. Dir. of Revenue*,

---

[8] Mr. Garland was the chief executive officer of both corporations. *Garland*, 961 S.W.2d at 826.

11

487 S.W.3d 470, 473 (Mo. banc 2016). For the reasons expressed above, the plain and ordinary language in sections 144.157.3 and 144.220.3 does not require the director to mail a notice of his "intent to make the assessment against" Mr. Townsend within three years after Green Duck's returns were filed.

## Conclusion

The AHC's decision was authorized by law because the probate division's judgment denying payment of Green Duck's unpaid sales taxes from Mr. Townsend's probate estate is not *res judicata* precluding the director from making an assessment against Mr. Townsend, personally, as a responsible party. Additionally, the requirement in section 144.220.3 that the director mail a notice of "additional amount proposed to be assessed" within three years after the return was filed does not apply in this case because the notice of the director's intent to make an assessment under section 144.157.3 is not a notice of "additional amount proposed to be assessed." Neither section 144.220.3 nor section 144.157.3 required the director to mail notice of his intent to make an assessment against Mr. Townsend, as a responsible party, within three years after Green Duck's returns were filed. The AHC's decision is affirmed.

_____
PATRICIA BRECKENRIDGE, JUDGE

All concur.

12